IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUOC XUONG LUU, | ) | No. C 07-2704 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |
| vs. | ) ) | |
| I.N.S., et al, | ) ) | **(Docket No. 4)** |
| Defendant. | ) ) | |

## INTRODUCTION

Plaintiff, a prisoner of the State of California incarcerated at California State Prison-Solano in Vacaville, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. The complaint is largely incomprehensible, however, it appears that Plaintiff may be complaining about an immigration detainer hold placed on him. Plaintiff also seeks leave to proceed *in forma pauperis* (docket no. 4). In this order, the Court dismisses the complaint with leave to amend and orders Plaintiff to file an amended complaint within thirty days from the date of this order.

## STATEMENT OF FACTS

Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of "natural law" and makes biblical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).  While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir. 1976).  And a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

2

In this case, Plaintiff has failed to clearly state the specifics that entitle him to relief under 42 U.S.C.A. § 1983, specifically how his constitutional rights were violated, and the conduct of each Defendant that he asserts is responsible for a constitutional violation. As such, Plaintiff will be granted leave to amend to allege specifics regarding any claims he has against any named defendant.

In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

Plaintiff may be complaining about the existence of an immigration "detainer" or hold. However, Plaintiff does not clearly state what he contends is unlawful about the detainer and why he is entitled to relief. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint. Accordingly, the complaint is DISMISSED. However, Plaintiff is provided with LEAVE TO AMEND his complaint within thirty days, as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as

3

indicated above.  Plaintiff shall file an amended complaint within ***thirty days from the date of this order***.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.

       2.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

       3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

       IT IS SO ORDERED.

DATED:  October 15, 2007

                                               JEFFREY S. WHITE
                                               United States District Judge

|  |  |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

QUOC XUONG LUU,

        Plaintiff,

  v.

INS et al,

        Defendant.

Case Number: CV07-02704 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Quoc Xuong Luu
P-22522
California State Prison-Solano
PO Box 4000
Vacaville, CA 95696-4000

Dated: October 15, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk