NAME : QUOC XUONG LUU
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

FILED

C 7ED -3 PM 2:04

NAME : HANH M. NGUYEN
477 South 3rd. Street, Apt.#: A
San Jose, California 95112

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN PROPERIA PERSONA


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT COURT OF CALIFORNIA

IMMIGRATION COURT


| | |
|---|---|
| IMMIGRATION AND NATURALIZATION SERVICES, (I.N.S.), et al., Plaintiff/Respondent, | Case No.: SFRO708001141 |
| | File No.: A#-027-838-994 |
| vs. | Court Dated: March 05, 2008 at 8:30 a.m. |
| HANH M. NGUYEN, Defendant/Appellant, | Dept.#: 17 |
| In re: Quoc Xuong Luu, Plaintiff/Petitioner, | Case No.: C-07-2704-JSW (PR) |
| vs. | File No.: A#-027-838-996 |
| IMMIGRATION AND NATURALIZATION SERVICES, (I.N.S.), et al., Defendant(s)/Respondent(s), | Warrant No.: 581212FB6 |
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, DEPARTMENT OF HOMELAND SECURITY, Real Party in Interest. | **MOTION FOR CONSOLIDATE THE CASES UNDER SIMILARLY STATUS & LITIGATION OF PROSECUTION.** |

(1.)

I N T R O ᴜ U C T I O N

Ms. Hanh M. Nguyen (ᴜefendant), of aforementioned case no.: SFR0708001141 had been alleged by Respondeht of violated immigration statutory provision, and to be determined for removal pursuant to Immigration and Nationality Act ("INA"), § 212(a)(2) (A)(i)(I). Respondent claimed that ᴜefendant had violated 28 U.S.C.S. §§ 1101 and 1227-1228, et seq, statutes on September 19, 2007, while re-entry into the United States of America on a  vacation to Vietnam country. ᴜefendant were been detained by Respondent without Fifth Amendment (citing, **Miranda v. Arizona,** 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1062 (1966)]), and been interrogated for seven hours without any attorney or counsel protection. (Quote, U.S.C.A. Const. Amend. 6, et seq, "right to have counsel presented;" also see, **Edwards v. Arizona,** 451 U.S. 477 [68 L.Ed.2d 378, 101 S.Ct. 1880 (1981)], ("..require counsel to be presented during any interrogation or questions by  lawenforcement and any formal government agency..").)

Mr. Quoc Xuong Luu (Plaintiff), of aforementioned case no.: C-07-2704-JSW PR, is Ms. Hanh M. Nguyen's son whom case status are similarly with her.  Plaintiff entered into the United States America with his mother (Ms. Hanh M. Nguyen) on November 11, 1986.  However, Plaintiff currently under the custody of the California ᴜepartment of Corrections system and been served his criminal conviction had imposed by the Santa Clara County Superior Court.  Plaintiff's criminal sentenced

are almost completed, and face the I.N.S.'s accused allegation crime violated Title 8, of the United States Code Supplement, et seq, statutory provision under immigration laws.  Then Plaintiff alleged that the I.N.S.'s agency violated his Sixth Amendment right to "confront his accuser" before judicial panel system.

Plaintiff (Mr. Quoc Xuong Luu) and Defendant (Ms. Hanh M. Nguyen) are mother and son relationship whom entered into this country (United States of America) legally on November 11, 1986, under refugee status of entry.  If, the I.N.S. agency tribunal Ms. Nguyen before immigration court then Mr. Luu have that right to confront his accuser beside his mother --- because the tribunal could scale unconstitutional or kangaroo practice. Both persons have similarly status from I.N.S.'s allegation of indictment offenses and tribunal both cases could constitution contradiction each other uniform court or judges.

Defendant does not understand or speak English below 6th grade average standard person(s), and cannot secure fundamental constitutional principles guarantee each person(s) the liberty to exercise.  Defendant's defense and statements are similarly with Plaintiff tribunal.  Plaintiff could explain and advise Defendant adjudicated procedure and tribunal in native language.

Therefore, Defendant and Plaintiff remove above

(3.)

entitle court for <u>motion for consolidate the cases under similarly status & litigation of prosecution</u> both cases. Both have been charges for <u>illegally entry</u> into the United States of America and facing for <u>deportation removal</u> pursuant to 8 U.S.C.S. § 1101 and § 1227-1228, et seq, violations. Its the judicial interest to consolidate the cases to protect the interest of constitutional liberty of <u>natural laws</u>, because tribunal the cases separately could contradict the prosecution strategy.

## S T A T E M E N T   O F   F A C T [S]

Mr. Luu were born in Siagon City of South Vietnam country during the occupation of 1979 by the Vietcong ("VC") communist party. Mr. Luu and his family members (--his mother and brother--) flee the country by migrate through lands of Cambodia to Philippines refugee camp. Mr. Luu and Ms. Nguyen left the communist party about 1985 and arrived to Philippines of early 1986, then permitted into the United States of America on November 11, 1986, at the San Francisco port of entry.

During the course of our traveling to the United States of America that the family members endurance physical and mental hardship from the Cambodia's militant. Mr. Luu and his family witness execution and rape[] of migrate refugee people[s]. Such memory have psychology implant Mr. Luu and his family lives.

(4.)

His family arrived into the United States of America on November 11, 1986, at the San Francisco airport. Ms. Nguyen and Mr. Luu relative family members financially support to document(s) under "Lawful Permanent Resident" of refugee status from 8 U.S.C.S. § 1101(a)((42)(A)÷(B) and § 1157, et seq, statutory provision.

## [A.] Mr. Hanh M. Nguyen (mother) historical fact[s]:[*]/

Ms. Hanh M. Nguyen arise and educated in democracy of Vietnam country before communist party (VC) took control the country from the fall of "Siagon" of 1975. Ms. Nguyen then married to Mr. Luu's father and has two boys in 1979. The family believe and function under democracy principle before VC took control of the country. Then Ms. Nguyen's husband tried to reach United States by migrate through maritime route with other thousand peoples aboard the ships. The ship were sink on the open sea that routed to United States of America, which Mr. Luu were four (4) years old.

The communist party took all assess and land that were own by Ms. Hanh and her husband. The communist also executed some of the family [relative] members because their believe and bind to communist regime. Ms. Nguyen took her two

---

[*]/ Please notice that this fact[s] of Ms. Nguyen's historical background are base upon Mr. Luu's memory and the events he had witnesses from his childhood and story from her life itself.

(5.)

boys and flee the country from communist regime, and her family
lives well-being that could be executed by the VC's party.

Ms. Nguyen arrived into the United States of
America on November 11, 1986, under refugee status and were
permitted refuge of the country. On May 12, 1992, Ms. Nguyen
were convicted for "petty theft" pursuant to **Cal.Penal Code**
**§ 484/488,** et seq, violation. She had completed her sentenced
of judgment were imposed, and since then she did not committed
or violated any state[] or federal statutory crimes or criminal
act. That is the only crime she had committed during her resident
in the United States of America.country.

During her twenty-one (21) years of resident
in the United States of America that she give birth to Vicky
Diem Nguyen and Tommy Nguyen. Both child are from the range
of 12 to 16 years old.and the United States citizenship. Ms.
Nguyen cannot work due to her disability and hardship of taking
care the child.

On September 19, 2007, the I.N.S. agency detained
Ms. Nguyen at San Francisco airport after she re-entry into
the United States of America from her visit Vietnam. The I.N.S.
agency alleged Ms. Nguyen [May 12,] 1992 conviction that violate
8 U.S.C.S. § 1101(a)(43)(G), statutory and seeking for removal
procedure under 8 U.S.C.S. §§ 1227-1228, et seq, status. The
I.N.S. agency also took her lawful permanent resident dcoument(s)

(6.)

and deem her before tribunal of immigration court.

ьuring the course of her detain by the I.N.S. agency for seven (7) hours of interrogation without Fifth and Sixth Amendments constitution protection, that affect her mentally impair. She could not speak or write in English language which solely could she comprehend the badger unconstitutional interrogation practice by the I.N.S. agency. She did not committed any national or international statutory laws that been treat and badger like a terrorise suspect[].

Ms. Nguyen received document[] from the I.N.S agency that deem her to be appeared before immigration [tribunal] judge on March 05, 2008, at approximately 8:30 a.m., and at Immigration Court, 120 Montgomery Street, 9th Floor, Courtroom #17, San Francisco, California 94104. On such date of proceeding that the I.N.S. agency seeking for "removal" Ms. Nguyen back to her native country. (Also see, EXHIBIT A., e.g., cf.)

## [B.] Mr. Quoc Xuong Luu (son) historical fact[s]:

Mr. Quoc Xuong Luu were birth by Ms. Hanh M. Nguyen in Vietnam of 1979 communist party. Mr. Luu and his mother with an older brother (Mr. Xuong Luu) flee from Vietcong communist party regime and came to the United States of America in November 11, 1986. Mr. Luu raise and educated in the United States of America for over 21 years of resident.

(7.)

During his resident in the United States of America that he committed numerous aggravated felony pursuant to 8 U.S.C.S. § 1101, et seq, statutory violation. Some of the convictions were under juvenile convictions. Mr. Luu's first time convicted and confinement in state prison.

On 1998 Mr. Luu were indicted information from the Superior Court of California, and for Santa Clara County for violated Cal.Penal Code §§§ 211, 212.5, 213, 245, and 12022 statutory provision. Mr. Luu were sentenced to California State Prison (Department of Correction) for 12 years of confinement under a nolo contest plea agreement. Mr. Luu arrived to Department of Correction on December of 1998 and been classified as award of the State.

During his arrival to Department of Correction that the I.N.S. agency put an "hold/indictment" upon him for violated immigration statutory under Title 8, of the United States Code Supplemental provision. Mr. Luu should been release from Department of Correction custody on March 27, 2008, however, there were some unfinish litigation or hold by the Solano County Superior Court's indictment. Mr. Luu currently attend his court procedure, and confront his accuser of such indictment or hold lodged against him. His original release of March 27, 2008, are change to September of 2008 due to administrative tribunal infraction.

(8.)

On May 16, 2007, Mr. Luu submitted an civil right
complaint pursuant to 42 U.S.C. § 1983-1985, et seq, petition
to the United States District Court for the Northern District
of California for alleged that the I.N.S. agency violated his
fundamental principle of Sixth Amendment right. (Also see, EXHIBIT
[C.], e.g.) On October 15, 2007, the district court rendered
a order that: "Plaintiff's complaint to the Court is largely
incomprehensible because it does not clearly state the facts
regarding his legal challenge. Instead, Plaintiff uses flowery
legal language, such as discussions of 'natural laws' and makes
bibical references. However, Plaintiff has failed to set forth
sufficiently clear facts for the Court to discern the nature
of his complaint. The complaint fails to state a claim for relief."
(Emphasis added; also see, EXHIBIT [C.], e.g.)

On November 12, 2007, Mr. Luu filed an "amend
complaint" to the Court.  Mr. Luu still wait for the Court to
imposed an order or rule upon his amend complaint, and for
aforementioned docket no.: C-07-2704-JSW (PR).  The case are
still pending before judicial court of united states district
court.

## S T A T U T O R Y   R E L I E F

Ms. Hanh M. Nguyen (mother) and Mr. Quoc X. Luu
(son) were had came into the United States of America the same

(9.)

time of entry.  The cases resemblance are identical from status of prosecution or statutory violation.  The <u>statement of facts</u>, supra, have showing reflection or relationship of both cases.

Its upon this court determination to analysis both cases similar: statutory violation or prosecution that could relief judicial tribunal different venue of confusion. It also secure jurisdiction relief and indifference tribunal that could contradict the Court[s] one-another decision, order, or judgment from the case[s].

Judiciary consider consolidate both cases for the following reason[s]:

(1) Economy affection for separate court proceeding and amount legal document or salary for prosecution;

(2) Similarity statutory violation;

(3) Judicial confusion, contradict ruling, and application of statutory provision; and

(4) Jurisdiction venue of judicial tribunal.

Those reason[s] have paint a picture for relief for judicial court consider consolidate the cases are reasonable.

### P R A Y I N G   F O R   R E L I E F

(10.)

Ms. Nguyen and Mr. Luu praying judicial court for relief <u>granting</u> the motion for consolidate the cases under similarly status & litigation of prosecution. For above reasons of cause that granting the motion could benefit judicial court unnecessary confusion of document[s] and prosecution venue.

## C O N C L U S I O N

The motion for consolidate the cases under similarly status & litigation of prosecution have relief for judicial court <u>granting</u> judgment. For above reason of cause that establish relief for granting the motion.

DATED: *February 06, 2008*

/S/

Respectfully Submitted

NAME : QUOC XUONG LUU (In Properia Persona)
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

/////
////
///
//
/

(11.)

# EXHIBIT

# [A.]

# Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government,.to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

X _____
(Signature of Respondent)

Before:
_____  CBPo
(Signature and Title of INS Officer)

Date: _November 13, 2007_

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _November 13, 2007_, in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

☑ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail
☐ Attached is a credible fear worksheet.
☐ Attached is a list of organizations and attorneys which provide free legal services.
The alien was provided oral notice in the _____ English _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _____                              _____  CBPO
(Signature of Respondent if Personally Served)                              (Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

U.S. Department of Justice
Executive Office for Immigration Review
*Immigration Court*

# Alien's Change of Address Form/
# Immigration Court

You are required to notify the Executive Office for Immigration Review (EOIR) of any change of address and any change of telephone number within five (5) days of moving or changing your address or phone number. You will receive notification as to the time, date, and place of hearing or other official correspondence only at the address which you provide.

**Failure to appear at any hearing before an Immigration Judge, when notice of that hearing or other official correspondence was served on you or sent to the address you provided, may result in one or more of the following actions:**

• If you are not already detained, you may be taken into custody by the DHS and held for further action; and

**If you are in *removal* proceedings:**
Your hearing may be held in your absence under Section 240 of the Immigration and Nationality Act (INA); and an order of removal may be entered against you. Furthermore, you may become ineligible for the following forms of relief from removal for a period of 10 years after the date of the entry of the final order:
1. Voluntary Departure as provided for in Section 240B of the INA;
2. Cancellation of Removal as provided for in Section 240A of the INA;
3. Adjustment of Status or Change of Status as provided for in Section(s) 245, 248, or 249 of the INA.

**If you are in *deportation* proceedings:**
Your hearing may be held in your absence under Section 242B of the Immigration and Nationality Act (INA) (1995), and an order of deportation may be entered against you. Furthermore, you may become ineligible for the following forms of relief from deportation for a period of 5 years after the date of the entry of the final order:
1. Voluntary Departure as provided for in Section 242(h) of the INA (1995);
2. Suspension of Deportation or Voluntary Departure as provided for in Section 244 of the INA (1995);
3. Adjustment of Status or Change of Status as provided for in Section(s) 245, 248, or 249 of the INA (1995).

**If you are in *exclusion* proceedings:**
Your application for admission to the United States may be considered withdrawn, and your hearing may be held in your absence and an order of exclusion and deportation entered against you.

Name: _____   Alien Number: A _____

| My **OLD** address was: | My **NEW** address is: |
|---|---|
| ("In care of" other person, if any) | ("In care of" other person, if any) |
| (Number, Street, Apartment) | (Number, Street, Apartment) |
| (City, State and ZIP Code) | (City, State and ZIP Code) |
| (Country, if other than U.S.) | (Country, if other than U.S.) |
| | (New Telephone Number) |

✎ **SIGN HERE** ➜   X _____
Signature                                    Date

# PROOF OF SERVICE
## (You Must Complete This)

I _____ mailed or delivered a copy of this Change of Address Form on _____ to the
(Name)                                                                        (Date)
Assistant Chief Counsel for the DHS (U.S. Immigration and Customs Enforcement-ICE) at _____ .
(Number and Street, City, State, Zip Code)

✎ **SIGN HERE** ➜   X _____
Signature

Form: EOIR - 33/IC

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
120 MONTGOMERY ST., SUITE 800
SAN FRANCISCO, CA  94104


NGUYEN, HANH
477 S 3RD ST APT A
SAN JOSE, CA  95112

        IN THE MATTER OF                    FILE A27-838-994
        NGUYEN, HANH


        I, THE UNDERSIGNED EMPLOYEE OF THE EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW, SAY THAT ON THE DATE INDICATED BELOW I SERVED
THE ATTACHED DOCUMENT/NOTICE(S) UPON THE FOLLOWING PERSON(S):

        DISTRICT COUNSEL/THOMAS, SINI S., TA
        DEPARTMENT OF HOMELAND SECURITY
        San Francisco, CA


        NGUYEN, HANH
        477 S 3RD ST APT A
        SAN JOSE, CA  95112



        I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT.
(AUTHORITY:28 U.S.C. 1746.)

        DATE OF MAILING: Jan 2, 2008

                                         COURT CLERK                  CP

U.S. Department of Justice
Immigration and Naturalization Service

# Order to Appear Deferred Inspection

You, **NGUYEN, Hanh** _____ File Number **A027 838 994**

have not established conclusively that you are admissible to the United States; therefore, *YOU ARE ORDERED TO APPEAR IN PERSON AT THE BELOW INDICATED ADDRESS ON THE DATE AND TIME INDICATED. A* final determination will be made then concerning whether and under what conditions you will be admitted to this country. *FAILURE TO APPEAR AS ABOVE ORDERED MAY RESULT IN YOUR BEING TAKEN INTO CUSTODY.*

☐ Your passport has been retained. It will be returned to you in person when you report to the address indicated below.

Reporting Address:

| U.S. DEPARTMENT OF HOMELAND SECURITY |
| --- |
| SAN FRANCISCO, CA, DEFER INSP |
| U.S. CUSTOMS AND BORDER PROTECTION |
| 630 SANSOME ST. |
| ROOM 931 |
| SAN FRANCISCO CALIFORNIA |

Reporting Date and Time:

September 19, 2007 8:00 AM — *12·c/'M (Horn)*

415-844-5225·

*Attach photograph here*

| Name (Family, Given, Middle) NGUYEN, Hanh | | |
| --- | --- | --- |
| Citizenship **VIETNAM** | Country of birth **VIETNAM** | Date of birth **12/15/1951** |
| Complete foreign address (Mailing address) | | |
| Complete U.S. address **477 SOUTH 3RD STREET Apt A SAN JOSE CALIFORNIA 95112** | | Phone number **(408) 513-7876** |
| Airline/vessel of arrival **BR 18** | Port of arrival **SAN FRANCISCO, CA** | Date of arrival **08/20/2007 1939** |
| Visa number, type | Visa date, place of visa issuance | Social security number |

**DETAILS:**

Departure Number

OMB No. 1651-0111

763602080 15

I-94
Departure Record

PAROLED until
SEPT 19, 2007
Purpose: D G
DEF ZNSP
SFR
(Port) (Date) (Official)
SFR 1720    AUG 2 0 2007

14 Family Name
N G U Y E N

15 First (Given) Name
H a n h

16 Birth Date (Day/Mo/Yr)
1 5 1 1 2 5 1

17 Country of Citizenship
V I O t N A M

CBP Form I-94 (10/04)

*Staple duplicate copy of I-94 here*

| WEI LI, | | FRANCISCO ALDEGUER, INSPECTOR | |
| --- | --- | --- | --- |
| (Signature of Recommending Officer) | 08/20/2007 Date | (Supervisory Officer) | 08/20/2007 Date |

**ALIEN COPY**

Form I-546 (Rev. 04/28/03) Page 2 of 3

| 1. Held for other agency: Yes ☐ No ☐ | |
| Name of Agency: N/A | DEPARTMENT OF HOMELAND SECURITY |
| 2. Certified Mail No. | **Bureau of Customs and Border Protection** |
| 3. Investigative Case No. | **Detention Notice and Custody Receipt for** |
| 4. General Order No. | **Detained Property** |
| 5. Exodus Command Center Notified? | Handbook 5200-09 |

| 5. Exodus Command Center Notified? |
| ☐ Yes     ☒ No |
| Date:          Time: |

| 6. Port Code | 7. Date of Detention (mm/dd/yyyy) | 8. Time (Use 24 Hours) | 9. Entry Number |
|---|---|---|---|

| 10. Detained from: | 11. Seal or Other ID No. |
|---|---|
| Name: | 12. Misc. Nos. |
| Address: | 13. Remarks: |
| Telephone No.  (    ) | 14. FPF No. (For CBP Lab Use Only)  ☐☐☐☐☐☐☐☐☐☐☐☐☐☐-☐☐ |
| 15. Point of Contact Information - Send all correspondence to: | 16. Additional Information/Action Request from Importer/Exporter/ Subject |
| Telephone No. (    )     Fax No. (    ) | |

| 17. Reason for Detention: |
|---|

| 18. Tests or Inquiries to be Conducted: |
|---|

### 19. PROPERTY  (By Line Item) Attach CBP-58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurement Qty. | UM | e. Est. Dom. Value | f. Samples Sent to the CBP Lab Yes or No | | Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | $ | Yes☐ | No☐ | /  / |
| | | | | | | $ | Yes☐ | No☐ | /  / |
| | | | | | | $ | Yes☐ | No☐ | /  / |
| | | | | | | $ | Yes☐ | No☐ | /  / |

| 20. Detaining Officer Name | |
|---|---|
| Print | Signature | Date |

### 21. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 1 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Shipments may be detained for up to 30 days, unless statutory authority or interagency agreement mandates that a longer period of time is required, or the importer/exporter/subject requests a longer detention period through the Port Director

# EXHIBIT

# [B.]

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
120 MONTGOMERY ST., SUITE 800
SAN FRANCISCO, CA 94104

DATE: January 2, 2008

RE: **NGUYEN, HANH**
FILE: **A# 27-838-994**

TO: RESPONDENT

Please take notice that the above captioned case has been scheduled for a **MASTER**   **INDIVIDUAL**

hearing before the Immigration Court on _____ MARCH 5    2008 _ at _ 8:30 AM _ at:
120 MONTGOMERY STREET 9th FLOOR, COURTROOM 17
SAN FRANCISCO, CA 94104

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Department of Homeland Security and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Department of Homeland Security established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT SAN FRANCISCO, CA THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:                MAIL (M)       PERSONAL SERVICE (P)
TO:  X ALIEN    [  ] ALIEN c/o Custodial Officer  [  ] ALIEN's ATT/REP         [ X ] DHS
DATE: JAN 2, 2008 _____         BY: COURT STAFF _____ M _____  N3
Attachments:  [  ] EOIR-33  [  ] EOIR-28  [  ] Legal Services List  [  ] **Biometrics Served**  [  ] Other

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: **A027 838 994**
**Case No: SFR0708001141**
**FIN #: 1063413487**

In the Matter of:

Respondent: **Hanh NGUYEN**                                              currently residing at:

**477 SOUTH 3RD STREET Apt A**
**SAN JOSE CALIFORNIA 95112**                                          **(408)288-5541**

(Number, street, city state and ZIP code)                              (Area code and phone number)

☑ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

**See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
**To Be Determined**

(Complete Address of Immigration Court, Including Room Number, if any)

on **a date to be set** _____ at **a time to be set** to show why you should not be removed from the United States based on the
(Date)                         (Time)
charge(s) set forth above.

Rohanio Chouie /Nushudo Oby for CBP:
(Signature and Title of Issuing Officer)

Date: **NOVEMBER 13, 2007**

San Francisco, CA 94111
(City and State)

### See reverse for important information

Form I-862 (Rev. 3/22/99)N

U.S. Department of Justice
Immigration and Naturalization Service

**Continuation Page for Form** _I-862_

| Alien's Name | File Number | Date |
|---|---|---|
| Hanh NGUYEN ✗   ᒲᵃⁿˡ | Case No: SFR0708001141 A027 838 994 | November 13, 2007 |

**The Service alleges that you:**

1) You are a citizen of the United States;

2) You are a native and a citizen of Vietnam;

3) You were, on or about November 11, 1986, granted Lawful Permanent Resident status to the United States of America;

4) You were, on or about January 26, 1987, convicted in the Superior Court of California, County of Santa Clara for the Misdemeanor offense of BURGLARY, in violation of Section 459-460.2 of the California Penal Code;

5) You were also, on or about May 12, 1992, convicted in the Superior Court of California, County of Santa Clara for the Misdemeanor offense of PETTY THEFT, in violation of Section 484/488 of the California Penal Code;

6) You were, on or about September 19, 2007, applying for admission as a returning Lawful Permanent Resident at the San Francisco Airport port-of-entry;

7)
You were on or about September 19, 2007, issued a parole by Customs and Border Protection;

8) Your parole is hereby revoked as of November 13, 2007.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

| Signature | Title |
|---|---|
|  | CBPO |

_3_ of _3_ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

# EXHIBIT

# [C.]



ORIGINAL
FILED

OCT 1 5 ; · ·

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,                          )   No. C 07-2704 JSW (PR)
                                         )
        Plaintiff,                       )   **ORDER OF DISMISSAL WITH**
                                         )   **LEAVE TO AMEND AND**
        vs.                              )   **INSTRUCTIONS TO THE CLERK**
                                         )
I.N.S., et al,                           )   **(Docket No. 4)**
                                         )
        Defendant.                       )
                                         )

## INTRODUCTION

Plaintiff, a prisoner of the State of California incarcerated at California State Prison-Solano in Vacaville, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. The complaint is largely incomprehensible, however, it appears that Plaintiff may be complaining about an immigration detainer hold placed on him. Plaintiff also seeks leave to proceed *in forma pauperis* (docket no. 4). In this order, the Court dismisses the complaint with leave to amend and orders Plaintiff to file an amended complaint within thirty days from the date of this order.

## STATEMENT OF FACTS

Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of "natural law" and makes biblical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief.

1 **STANDARD OF REVIEW**

2      Federal courts must engage in a preliminary screening of cases in which prisoners

3 seek redress from a governmental entity or officer or employee of a governmental entity.

4 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

5 complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

6 fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

7 defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

8 liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

9 1990).

10      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

11 (1) that a right secured by the Constitution or laws of the United States was violated, and

12 (2) that the alleged violation was committed by a person acting under the color of state

13 law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

14 **ANALYSIS**

15      To state a claim arising under federal law, it must be clear from the face of

16 Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland*

17 *Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to

18 plead his evidence "or specific factual details not ascertainable in advance of discovery,"

19 *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S.

20 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the

21 allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989

22 (9th Cir. 1976). And a complaint that fails to state the specific acts of the defendant

23 which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the

24 Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5

25 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to

26 amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122,

27 1126-27 (9th Cir. 2000) (en banc).

28

1    In this case, Plaintiff has failed to clearly state the specifics that entitle him to
2    relief under 42 U.S.C.A. § 1983, specifically how his constitutional rights were violated,
3    and the conduct of each Defendant that he asserts is responsible for a constitutional
4    violation. As such, Plaintiff will be granted leave to amend to allege specifics regarding
5    any claims he has against any named defendant.

6    In his amended complaint, Plaintiff must establish legal liability of each person or
7    entity for the claimed violation of his rights. Liability may be imposed on an individual
8    defendant under section 1983 if the plaintiff can show that the defendant proximately
9    caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628,
10   634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A
11   person deprives another of a constitutional right within the meaning of section 1983 if he
12   does an affirmative act, participates in another's affirmative act or omits to perform an act
13   which he is legally required to do, that causes the deprivation of which the plaintiff
14   complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442
15   (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation
16   may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff
17   must instead "set forth specific facts as to each individual defendant's" deprivation of
18   protected rights. *Leer*, 844 F.2d at 634.

19   Plaintiff may be complaining about the existence of an immigration "detainer" or
20   hold. However, Plaintiff does not clearly state what he contends is unlawful about the
21   detainer and why he is entitled to relief. Plaintiff will be provided with thirty days in
22   which to amend to correct the deficiencies in his complaint. Accordingly, the complaint
23   is DISMISSED. However, Plaintiff is provided with LEAVE TO AMEND his complaint
24   within thirty days, as set forth below.

## CONCLUSION

26   For the foregoing reasons and for good cause shown,

27   1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as

28                                          3

1    indicated above.  Plaintiff shall file an amended complaint within ***thirty days from the***
2    ***date of this order***.  The amendment must include the caption and civil case number used
3    in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the
4    first page.  Failure to amend within the designated time will result in the dismissal of the
5    complaint without prejudice.

6        2.  Plaintiff is advised that an amended complaint supersedes the original
7    complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint
8    which are not alleged in the amended complaint."  *London v. Coopers & Lybrand*, 644
9    F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no
10    longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,
11    506 U.S. 915 (1992).

12        3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
13    Court informed of any change of address and must comply with the Court's orders in a
14    timely fashion.  Failure to do so may result in the dismissal of this action under Federal
15    Rule of Civil Procedure 41(b).

16        IT IS SO ORDERED.

17    DATED: <u>October 15, 2007</u>

18                                    JEFFREY S. WHITE
19                                    United States District Judge

20

21

22

23

24

25

26

27

28                                              4

1                  UNITED STATES DISTRICT COURT

2                             FOR THE

3             NORTHERN DISTRICT OF CALIFORNIA

4

5

6 QUOC XUONG LUU,                 Case Number: CV07-02704 JSW

7          Plaintiff,            **CERTIFICATE OF SERVICE**

8    v.

9 INS et al,

10           Defendant.                    /

11

12 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13 That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

14 depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17 Quoc Xuong Luu
P-22522

18 California State Prison-Solano
PO Box 4000

19 Vacaville, CA 95696-4000

20 Dated: October 15, 2007             *Jennifer Ottolini*

21                        Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

22

23

24

25

26

27

28

ORIGINAL
FILED

OCT 1 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,                       )        No. C 07-2704 JSW (PR)
                                      )
        Plaintiff,                    )
                                      )
            v.                        )        **ORDER GRANTING LEAVE**
                                      )        **TO PROCEED IN FORMA**
I.N.S., et al,                        )        **PAUPERIS**
                                      )
        Defendants.                   )
                                      )        **(Docket no. 4)**

Plaintiff's application for leave to proceed in forma pauperis under 28 U.S.C.

§ 1915 is GRANTED. The total filing fee due is $ 350.00. In light of Plaintiff's balance

and deposits over the last six months, an initial partial filing fee in the amount of $12.21

is due at this time. *See* 28 U.S.C. § 1915(b)(1). A copy of this order and the attached

instructions will be sent to the Plaintiff, the prison trust account office, and the Court's

financial office.

    IT IS SO ORDERED.

DATED: October 15, 2007

                                        JEFFREY S. WHITE
                                        United States District Judge

(C.C.P. §§440; 2015.5;
28 U.S.C. §1746)

I, _____ Quoc Xuong Luu _____, declare under the penalty of perjury that:

I am the Plaintiff _____ in the attached matter; I have read the foregoing document(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this __04__ day of __February__, __2008__, at California State Prison /Solano, Vacaville, California.

(Signature) _____ (In Pro. Per.)
Declarant Quoc Xuong Luu

*************************************************************************

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, __Quoc Xuong Luu__, declare:   That I am a resident of California State Prison / Solano    State of California; I am over the age of 18 years; I am/am not a party to the above entitled action; My address is P.O. Box 4000 *I-2 504*, Vacaville, CA 95696.   I served the attached document(s) entitled:  "MOTION FOR CONSOLIDATE THE CASES UNDER SIMILARLY STATUS & LITIGATION OF PROSECUTION."

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison / Solano, in Vacaville, California, addressed as follows:

Immigration Court
120 Montgomery Street, Suite 800
San Francisco, California 94104

Hanh M. Nguyen
477 South 3rd Street, Apt.#A
San Jose, California 95112

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102

Attorney General Office
450 Golden Gate Avenue
San Francisco, California 94102

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this __06__ day of __February__, __2008__ at California State Prison / Solano, in Vacaville, California.

(Signature) _____ (In Pro. Per.)
Declarant