NAME : QUOC XUONG LUU
CDC #: (P-22522)
Bld.#: (01-250U)

1 | California State Prison - Solano
P.O. Box 4000

2 | Vacaville, California 95696-4000

FILED

08 APR 14 PM 2:05

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3

4 | In Properia Persona

5

6

7 |                IN THE UNITED STATES DISTRICT COURT

8 |             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11 | In re: QUOC XUONG LUU,                    )

12 | _____                )  Case No.:
     Quoc Xuong Luu,                          )  C-07-2704-JSW (PR)
13 |                                          )
            Plaintiff/Petitioner,            )  File No.:
14 |                                          )  A#-027-838-996
                                              )
15 | vs.                                      )  Warrant No.: 581212FB6
                                              )
16 |                                          )
     IMMIGRATION AND NATURALIZATION SERVICES, ) **MOTION FOR SUMMARY**
17 | (I.N.S.), et al.,                        ) **JUDGMENT OF AMENDED**
                                              ) **COMPLAINT'S**
18 |       Respondent(s)/Defendant(s),        ) **CONSTITUTIONAL CLAIM,**
                                              ) **RESPONDENT DEMURRED**
19 | UNITED STATES OF AMERICA,                ) **FOR FAILURE TO**
     STATE OF CALIFORNIA,                     ) **RESPONSES THE**
20 | DEPARTMENT OF HOMELAND SECURITY,         ) **ALLEGATIONS.**
                                              )
21 | _____Real Party in Interest._____ )

22

23

24 |                          INTRODUCTION

25

26 |           Plaintiff, QUOC XUONG LUU, had filed an pro se

27 | amended complaint under 42 U.S.C. § 1983, civil suit alleged

28 | that his Sixth Amendment constitutional right pursuant to Federal

                              (1.)

1   and United States statutory provision were violated or deprived
2   by Respondent's authority of practice.

4           Plaintiff remove above entitle court for entertain
5   the "motion for summary judgment of amended complaint's
6   constitutional claim, Respondent demurred for failure to responses
7   the allegations" within the 42 U.S.C. § 1983 amended complaint.
8   Plaintiff will demonstrate that time elapsed for Respondent's
9   inadequate performance to answer the amended complaint's allegation
10  -- and miscarriage of justice [scheme] like aforementioned case
11  no.: C-02-01980-JF-(PR), e.g., proceeding that had been practiced.
12  (Also see, EXHIBIT and APPENDIX of original 42 U.S.C. § 1983
13  complaint.)  Plaintiff also show that his Sixth Amendment claim
14  govern Respondent's authorities under the Title 8, of the United
15  States Code Supplemental ("U.S.C.S."), statutory scheme, which
16  would not justify the amended complaint's claim.

18          Therefore, motion for summary judgment are proper
19  justification for Respondent to relief statutory malpractice,
20  authority, and constitutional [violation] of the Sixth Amendment
21  claim.  Within the motion for summary judgment that plaintiff
22  seeking Respondent to render relief his amended complaint under
23  "validity claim and constitutional violation." (Citing, 28 U.S.C.
24  § 1331, et seq.)

26                      PROCEDURAL BACKGROUND

28          On May 16, 2007, Plaintiff filed an pro se civil

(2.)

1  rights action pursuant to 42 U.S.C. § 1983 statute and also

2  submitted an application to proceed in forma pauperis. (Citing,

3  28 U.S.C. § 1915, et seq.)  On October 15, 2007, the Court imposed

4  an order to "dismisses the complaint with leave to amend and

5  orders Plaintiff to file an amended complaint within thirty

6  days from the date of this order."  The Court also order "granting

7  leave to proceed in forma pauperis" application. (Also referred,

8  to the court's record of docket no. 4's orders; see, EXHIBIT

9  [A.], e.g.)

10

11          On November 12, 2007, Plaintiff submitted an

12  "Court Ordered Amended Complaint" that were imposed by the Court's

13  order of October 15, 2007.  Plaintiff amended complaint's argument

14  upheld the requirement of the court's ordered.  However, Plaintiff

15  pleading the Court's leave for not amend his "EXHIBIT, APPENDIX,

16  or EVIDENCE" from it's original complaint, and any exhibit,

17  appendix, or evidence in content within amended complaint are

18  preferring to the original complaint. (See, EXHIBIT [B.], cf.)

19

20          On February 06, 2008, Plaintiff than submitted

21  an "motion for consolidate the cases under similarly status

22  & litigation of prosecution," with his mother's indictment from

23  the Immigration Court tribunal and for aforementioned case no.:

24  SFR-0708001141. (Also see, EXHIBIT [C.], e.g.)

25

26          On March 11, 2008, Plaintiff submitted a "letter"

27  requesting the Court for summary status of above entitle action.

28  However, the Court did not responded to Plaintiff's pleading
   of

1   of motion for consolidate and letter for summary status.   The

2   above entitle court were moot the action's claim before judicial

3   entertainment. (See, EXHIBIT [D.], cf.)

4

5                        STATEMENT OF FACTS

6

7            Plaintiff born in Siagon City of South Vietnam

8   Country during the occupation of 1979 by the Vietcong communist

9   party --- and after the "Fall of Siagon" in 1975.   Plaintiff

10  and his family members (mother and older brother) arrived to

11  the United States Country under refugee status on November of

12  1986.

13

14           On December 11, 1998, Plaintiff were convicted

15  under the Superior Court of the State of California by entered

16  a plead of "nolo contest" to Cal.Pen. Code §§ 211, 212, 213,

17  245, and 12022(a) statutory violations.   The Superior Court

18  of Santa Clara County than imposed twelve (12) years sentence

19  to the California Department of Corrections institution ---

20  and with a calculation release date of March 27, 2008.[1/]

21

22           On February 01, 1999, Respondent's agency put

23  an "hold, warrant, or detainer" document upon Plaintiff for

24  "unspecific [statutory] violation(s)" that supporting by the

25  Title 8, of the United States Code Supplemental statutory

26  _____

27       [1/] Citing, Cal.Pen. Code § 667, § 1192, and §§ 2900-2932,
    et seq, statutory interpretation that supporting State court(s)
28  for determining sentencing guideline (1998 ed. verision).

                        (4.)

1  language.  Respondent's hold, warrant, or detainer document
2  have stated: "Immigration has been initialized to determine
3  whether this person is subject to removal from the United States."
4
5              On April 17, 2002, Plaintiff lodged an alleged
6  "motion for Interstate Agreement on Detainer Act pursuant to
7  Cal.Pen. Code § 1389" against Respondent's hold, warrant, or
8  detainer document --- and for aforementioned case no.: C-02-
9  01980-JF-(PR).  However, the aforementioned case no.: C-02-01980-
10  JF-(PR)'s allegation did not survive judicial tribunal of
11  litigation.
12
13              Plaintiff then filed an pro se 42 U.S.C. § 1983
14  civil rights complaint alleged Respondent violated his Sixth
15  Amendment right to "confront his accuser."  However, the Court
16  dismissed plaintiff's first complaint and deem him to file an
17  amended complaint.  The Court claim that: "Plaintiff has failed
18  to set forth sufficiently clear facts for the Court to discern
19  the nature of his complaint.  The complaint fails to state a
20  claim for relief." (See, EXHIBIT [A.], e.g.)  Plaintiff then
21  amended complaint alleged that Respondent accused [--by the
22  holds, warrants, and detainers document--] him violated, citing,
23  8 U.S.C. §§ 1101, 1227-1228, et seq, statutory language under
24  natural or public laws of the Sixth Amendment statutes -- and
25  allow plaintiff to confront Respondent's accusation hold, warrant,
26  or detainer.
27
28              Plaintiff also filed motion(s) or letter that

(5.)

1  relate to the above entitle action.  Currently plaintiff did

2  not received, heard, or responded from the Court's ruling, order,

3  or responses from his motion and letter.  Since plaintiff's

4  amended complaint were filed that the Court did not render any

5  further ruling or order of aforementioned case no.: C-07-2704-

6  JSW-(PR).

7

8  ## MEMORANDUM AND POINTS OF AUTHORITIES

9

10  On Plaintiff's amended complaint under 42 U.S.C.

11  § 1983 statute have demonstrated that I.N.S. agency deprived

12  and violated his Sixth Amendment right to "confront his accuser."

13  (Citing, U.S.C.A. Const. Amend. 6, et seq.)  Within the amended

14  complaint's content have provided that:

15  "[Section 1.] ..., by an impartial
    jury of the state and district

16  wherein the crime shall have been
    committed, which district shall

17  have been previously ascertained
    by law, and to be informed of the

18  nature and cause of the accusation:
    to be confronted with the witnesses

19  against him; to have compulsory
    process for obtaining witnesses in

20  his favor, and have the assistance
    of counsel for his defense."

21  (Emphasis added; amended complaint
    at p. 12; U.S.C.A. Const. Amend.

22  6, et seq.)

23

24  Plaintiff also alleged that under Sixth Amendment right of "natural

25  or public laws" that guarantee him the privilege of liberty

26  to "confront his accuser."  Plaintiff also define Defendant's

27  statutory authorities to bar him from utilized Sixth Amendment

28  right to confront his accuse hold, warrant, or detainer that

1  authorized or issued by Defendant's agency. (See, EXHIBIT [E.],
2  e.g.)

3

4          Plaintiff remove entitle court for summary judgment
5  under Fed.Rules of Civil Procedure, Rule 56 ("Summary Judgment"),
6  statute.  Under statutory of Fed.R.Civ.Pro. Rule 56(d) have
7  define that: "...the whole case or for all the relief asked
8  and a trial is necessary, the court at the hearing of the motion,
9  by examining the pleading and the evidence before it and by
10  interrogating counsel, shall if practicable ascertain what material
11  facts exist without substantial controversy and what material
12  facts actually and in good faith controverted." The statute
13  also allow a party to move the action for summary judgment when
14  the (1) genuine issue(s) and (2) material fact support or de
15  facto the issues.

16

17          Whether the court render summary judgment in
18  Plaintiff's favor or not, however, the Fed.R.Civ.Pro. Rule 56
19  statute have define that a party could move the court for pre-
20  trial and trial proceeding.  Plaintiff have establish genuine
21  issue(s) and material facts support his amended complaints claim
22  that Defendant clear and convince evidences beyond reasonable
23  doubt that his Sixth Amendment right were deprived or violated.
24  Defendant also failed to establish statutory interpretation
25  or facts that Plaintiff's Sixth Amendment were not violated
26  and been deprived by Defendant's authorities.

27

28          Therefore, motion for summary judgment have provide

1  statutory burden under Fed.R.Civ.Pro. Rule 56's guideline for
2  relief of its statute interpretation.  Defendant failed or denied
3  Plaintiff's Sixth Amendment right in two occasion of litigation
4  before judicial tribunal.  Plaintiff have establish genuine
5  issue and material facts of his amended complaint claim that
6  Defendant violated his Sixth Amendment right --- and Defendant
7  could not rebuttal his amended complaint's allegation without
8  reasonable doubt.

9

10                      PRAYING FOR RELIEF

11

12              For above reason(s) for relief the motion for
13  summary judgment.  Defendant could not establish statutory
14  interpretation or languages to rebuttal Plaintiff's amended
15  complaint's claim of Sixth Amendment violation --- and could
16  not denied genuine issue and material facts to supporting the
17  Sixth Amendment claim.  Plaintiff praying for relief of the
18  following[s]:

19

20              (1.) Grant the motion for summary judgment,
21              (2.) Injunction Defendant to bring Plaintiff
22  before Immigration Court to face his accuser whom authorized
23  the hold, warrant, detainer document (see, EXHIBIT [E.], e..g),
24              (3.) Dismiss Defendant's hold, warrant, and
25  detainer document that shadow validity of Sixth Amendment --
26  .- and all document from every government or local States agency
27  from Defendant's hold, warrant, or detainer claim,

28

(8.)

1    (4.) <u>Deem</u> Defendant to bring Plaintiff to
2    confront his accuser of hold, warrant, or detainer document,
3    (5.) <u>Remove</u> the Court for pre-trial and trial
4    proceeding of above entitle action, and
5    (6.) <u>Injunction</u> Defendant to answer Plaintiff's
6    42 U.S.C. § 1983 (amended) complaint or face statutory punishment
7    for failure to denied validity of Sixth Amendment claim.
8
9    Therefore, the motion for summary judgment have
10   establish reasonable [or probable] of cause for relief upon
11   Defendant to answer the allegation within amended complaint.
12   Defendant failure and intently prolong Plaintiff's prosecution
13   the case have undermine or abuse authorities that guarantee
14   under the United States Constitutional principles.
15
16                          CONCLUSION
17
18   For above reasons support relief of motion for
19   summary judgment.  The motion for summary judgment have establish
20   relief under Fed.R.Civ.Pro. Rule 56 statute interpretation and
21   deem Defendant to render judgment to answer Plaintiff's allegation.
22   It's proper for the Court to <u>grant</u> the motion for summary judgment
23   and request Defendant to render rebuttal of Sixth Amendment
24   claim.
25
26   DATED: *April 10, 2008*
27                          /S/ _____
                            Respectfully Submitted
28
                 NAME : QUOC XUONG LUU (In Pro. Per.)
                 CDC #: (P-22522); Bld.#: (Q1-250U)
                 California State Prison - Solano, P.O.
                 Box 4000, Vacaville, California 95696-
                                                   4000

(9.)

# EXHIBIT

# [A.]

ORIGINAL
FILED

OCT 1 5 7 - -

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUOC XUONG LUU, | ) | No. C 07-2704 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL WITH** |
| | ) | **LEAVE TO AMEND AND** |
| vs. | ) | **INSTRUCTIONS TO THE CLERK** |
| | ) | |
| I.N.S., et al, | ) | **(Docket No. 4)** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

Plaintiff, a prisoner of the State of California incarcerated at California State Prison-Solano in Vacaville, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. The complaint is largely incomprehensible, however, it appears that Plaintiff may be complaining about an immigration detainer hold placed on him. Plaintiff also seeks leave to proceed *in forma pauperis* (docket no. 4). In this order, the Court dismisses the complaint with leave to amend and orders Plaintiff to file an amended complaint within thirty days from the date of this order.

**STATEMENT OF FACTS**

Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of "natural law" and makes biblical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief.

1

**STANDARD OF REVIEW**

2       Federal courts must engage in a preliminary screening of cases in which prisoners

3   seek redress from a governmental entity or officer or employee of a governmental entity.

4   28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

5   complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

6   fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

7   defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

8   liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

9   1990).

10       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

11   (1) that a right secured by the Constitution or laws of the United States was violated, and

12   (2) that the alleged violation was committed by a person acting under the color of state

13   law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

14

**ANALYSIS**

15       To state a claim arising under federal law, it must be clear from the face of

16   Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland*

17   *Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to

18   plead his evidence "or specific factual details not ascertainable in advance of discovery,"

19   *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S.

20   1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the

21   allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989

22   (9th Cir. 1976). And a complaint that fails to state the specific acts of the defendant

23   which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the

24   Federal Rules of Civil Procedure. *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5

25   (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to

26   amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122,

27   1126-27 (9th Cir. 2000) (en banc).

28

In this case, Plaintiff has failed to clearly state the specifics that entitle him to relief under 42 U.S.C.A. § 1983, specifically how his constitutional rights were violated, and the conduct of each Defendant that he asserts is responsible for a constitutional violation. As such, Plaintiff will be granted leave to amend to allege specifics regarding any claims he has against any named defendant.

In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

Plaintiff may be complaining about the existence of an immigration "detainer" or hold. However, Plaintiff does not clearly state what he contends is unlawful about the detainer and why he is entitled to relief. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint. Accordingly, the complaint is DISMISSED. However, Plaintiff is provided with LEAVE TO AMEND his complaint within thirty days, as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as

3

1  indicated above. Plaintiff shall file an amended complaint within *thirty days from the*
2  *date of this order*. The amendment must include the caption and civil case number used
3  in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the
4  first page. Failure to amend within the designated time will result in the dismissal of the
5  complaint without prejudice.

6  2. Plaintiff is advised that an amended complaint supersedes the original
7  complaint. "[A] plaintiff waives all causes of action alleged in the original complaint
8  which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644
9  F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no
10  longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,
11  506 U.S. 915 (1992).

12  3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
13  Court informed of any change of address and must comply with the Court's orders in a
14  timely fashion. Failure to do so may result in the dismissal of this action under Federal
15  Rule of Civil Procedure 41(b).

16  IT IS SO ORDERED.

17  DATED: October 15, 2007

JEFFREY S. WHITE
United States District Judge

4

ORIGINAL
FILED

OCT 1 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,                              )    No. C 07-2704 JSW (PR)
                                             )
              Plaintiff,                     )
                                             )
       v.                                    )    **ORDER GRANTING LEAVE**
                                             )    **TO PROCEED IN FORMA**
I.N.S., et al,                               )    **PAUPERIS**
                                             )
              Defendants.                    )
                                             )    **(Docket no. 4)**

       Plaintiff's application for leave to proceed in forma pauperis under 28 U.S.C.

§ 1915 is GRANTED. The total filing fee due is $ 350.00. In light of Plaintiff's balance

and deposits over the last six months, an initial partial filing fee in the amount of $12.21

is due at this time. *See* 28 U.S.C. § 1915(b)(1). A copy of this order and the attached

instructions will be sent to the Plaintiff, the prison trust account office, and the Court's

financial office.

       IT IS SO ORDERED.

DATED: October 15, 2007

                                        JEFFREY S. WHITE
                                        United States District Judge

# EXHIBIT

# [B.]

COPY

1    <u>COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983</u>

2

3    Name __Luu_____Quoc_____Xuong_____

4        (Last)        (First)        (Initial)

5    Prisoner Number __P-22522_____

6    Institutional Address _California State Prison (C.S.P.)-Solano, P.O.Box_

7    _4000, Vacaville, California 95696-4000_

8    ==================================================

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

10   Quoc Xuong Luu,

11   (Enter the full name of plaintiff in this action.)

12        vs.                                Case No. _C 07-2704 JSW (PR)_
                                            (To be provided by the clerk of court)
13   Immigration and Naturalization

14   Services (I.N.S.) et al.               COURT ORDERED

15   Respondent / Defendant,                AMENDED

16   United States of America,              COMPLAINT

     (Enter the full name of the defendant(s) in this action)
17   Real Party in Interest.

18   [All questions on this complaint form must be answered in order for your action to proceed.]

19   I.    Exhaustion of Administrative Remedies

20         [Note: You must exhaust your administrative remedies before your claim can go

21         forward. The court will dismiss any unexhausted claims.]

22         A.    Place of present confinement _C.S.P. · Solano, P.O.Box 4000, Vacaville,_
                                              _California 95696-4000_
23         B.    Is there a grievance procedure in this institution?

24               YES (✓)    NO ( )

25         C.    Did you present the facts in your complaint for review through the grievance

26               procedure?

27               YES( )    NO (✓)

28         D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                        - 1 -

## INTRODUCTION

Plaintiff/Petitioner, Quoc Kuong Luu, is currently incarceration at the California State Prison (C.S.P.)-Solano, P.O. Box 4000, Vacaville, California 95696-4000, and confinement in the administrative segregation unit. Plaintiff of the above party are requesting the "Court Ordered Amended Complaint" for aforementioned case No.: C07-2704 JSW (PR), which were imposed on October 15, 2007, by the Court's docket no.4. The Court also "order granting leave to proceed in forma pauperis" of plaintiff's application.

Plaintiff praying the honorable Jeffrey S. White, of the United States District Judge for relief to just amended "Argument[s] and Praying for Relief" from the original complaint. Plaintiff seeking everything in the original complaint should stay the same with permission from the Court's leave. Plaintiff also pleading the Court's leave for not amended his "Exhibit, Appendix, or Evidence" from it's original complaint, and any "exhibit, appendix, or evidence" in this amended complaint are preferring to the original.

Plaintiff hope the amended complaint will demonstrate Defendant's rules, regulations, or policies does not govern individual right(s) under the Sixth

(2)

Amendment principle. Under the Title 8, of the United Code Supplemental, et seg, does not guideline a treaty of immigration detainee[] the Sixth Amendment guarantee structure to "confront their accusser" of Defendant's "hold, warrant, detain, or indictment" allegation.

Whether Defendant(s) have obligation duty to allow any detainee[] with "hold, warrant, or detain" leverage to have "access to the court(s)" without land-mime of entrapment, because immigration's statutory forbidden detainee[] from enjoy privilege of Fourteenth Amendment right. Does the Fourteenth Amendment of "equal protection, fairness, or treatment" of statutory provision under supremacy laws that doctrine by Sixth Amendment structure against non-citizen()? Those were the point-of-facts that plaintiff wish to express in his original and amended complaint.

Plaintiff hope the amended complaint will demonstrative the reflection of court's ordered requirement standard, therefore, the amended complaint are the threshold for other immigration detainee[] judicial gateway direct the court(s). Any immigration detainee[] have the liberty to exercise their constitution right to challenge any "hold, warrant, detain, or indictment" lodged against them by Defendant's authorities – and duration of confinement under the succession of this amended complaint.

(2.)

## PROCEDURAL BACKGROUND.

On May 16, 2007, Plaintiff submitted the "Civil Right Complaint pursuant to 42 U.S.C. §§ 1983 - 1985, et seq.," to the United States District Court for the Northern District of California for allegation that the Immigration and Naturalization Services ("I.N.S."), United States Attorney General, et al., and Attorney General for the State of California, et al., for violated his Sixth and Fourteenth Amendments claim. Plaintiff also submitted an "In Forma Pauperis" application in few weeks apart from the complaint.

On May 22, 2007, the Northern District Court filed plaintiff's 42 U.S.C. §§ 1983 - 1985, et seq, complaint for aforementioned case No.: C 07-2704 JSW (PR). On October 15, 2007, the honorable Jeffrey S. White, of the United States District Judge imposed an "order of dismissal with leave to amend and instructions to the Clerk," and under docket no. 4 of the court's record. The honorable judge also render an "order granting leave to proceed in forma pauperis."

However, any documents or records relate to this amend complaint and it's past shall referred to original complaint at "Appeal Historical," will reflect any necessary confussion of this complaint's background.

## STATEMENT OF FACTS

On May 16, 2007, Plaintiff submitted the "Civil Right Complaint pursuant to 42 U.S.C. § 1983 - 1985, et seq," to the United States District Court for the Northern District of California for allegation that Defendants-1, 2, and 3 violated the fundamental of Sixth and Fourteenth Amendments right. But, Plaintiff fail to sufficient his claim that require under Federal Rule of Civil Procedure's scope of principle.

Prior to May 16, 2007, complaint that Plaintiff exhaust every remedies which could allow him an authorities of performance. (Cf., original complaint's part II, of "exhibit, appendix, or evidence; and also see, "Appeal Historical," e.g.) Defendants-2 and 3 refused acknowledge plaintiff's alleged allegation — and the claim disappear from judicial court(s) record. Between the "grey-line" have establish within the "exhibit, appendix, or evidence" of original complaint that plaintiff's claim were "sweep under the rug" without equal treatment of statutory laws. (Citing, U.S.C.A. Const. Amend. 14, et seq.) Judicial court(s) and defendants prolong event of judgment relief plaintiff's claim — and the procedure went [until] before United States Supreme Court reject the claim lack of jurisdiction venue. Plaintiff's claim were unnotice by judicial court(s) and defendants.

On October 15, 2007, the Court rendered a statement that held: "Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of 'natural laws' and makes biblical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief." (*Emphasis added.*) The Court's statement were true on pretext when plaintiff self review the complaint. Plaintiff's original complaint "failed to set forth sufficient clear facts and claim for relief," which he hope to provide the Court's requirement.

Plaintiff's original complaint was focus upon previous memory of Defendants-1, 2, and 3's action(s) that prolong the matter since April 17, 2002, and he lose focus the idol principle of 42 U.S.C. § 1983 complaint statute. On original complaint that Plaintiff were focus on Defendant-1's rules, regulations and policies that allow detainer the Sixth Amendment right confront their "hold, warrant, or detain" duration serve State's [conviction] sentence. Plaintiff also submitted numerous "exhibits, appendix, and evidences" within original complaint to support the claim, which could reflect the Court to understand that other different avenue were try to relief similar complaint.

The outcome of those avenue were rejected or ignored for relief the claim.

It's not justify plaintiff's mistake in the original complaint, and hope this amend complaint <u>hold water</u> upon the last one. This amend complaint should shine enlightment upon the Court's relief ordered.

Plaintiff do admitted when submit the original complaint were without hope the court would respond with courtesy manner. Therefore, the threshold of this amend complaint should cover the court's requirement of ordered judgment.

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _____

_____

2. First formal level _____

_____

3. Second formal level _____

_____

4. Third formal level _____

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

YES ( )    NO (✓)

F.    If you did not present your claim for review through the grievance procedure, explain
why. The claims within this amend complaint are deoft with
I.N.S.'s rules, regulations, or policies that does not concern
no other jurisdiction remedies but federal avenue.

II.    Parties

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

Quoc Xuong Luu, Plaintiff, at the C.S.P.-Solano. P.O. Box
4000, Vacaville, California 95696-4000.

B.    Write the full name of each defendant, his or her official position, and his or her place of
employment.

Immigration and Naturalization Services (I.N.S.) et
al. Defendant, with unknown whom authorities to serve

COMPLAINT

(8.)

1   amend complaint — and location of agency whom to
2   serve.

3

4   III.   Statement of Claim

5        State here as briefly as possible the facts of your case. Be sure to describe how each

6   defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any

7   cases or statutes. If you have more than one claim, each claim should be set forth in a separate

8   numbered paragraph.

9

10

11            See Attach, " Arcument Is.] "

12

13

14

15

16

17

18

19

20

21

22   IV.   Relief

23        Your complaint cannot go forward unless you request specific relief. State briefly exactly what

24   you want the court to do for you. Make no legal arguments; cite no cases or statutes.

25

26        See Attach "Praying for Relief and Conclusion"

27

28

COMPLAINT

( 9. )

## ARGUMENTES:

The Sixth Amendment right guarantee liberty to "confront their accuser" duration of any jurisdiction confinement, without bias[1] their historical origin.

Plaintiff born in Siagon City of South Vietnam during occupation of 1979, by the Vietcong communist party. Plaintiff and his family (-a mother and older brother-) flee the country from communist party, and came over to the United States country under refugee with sponsor status of late 1986. To modern day that lead plaintiff into incarceration under supervision of the California Department of Corrections. Plaintiff were convicted by enter a plead nolo contest of Cal. Pen. Codes §§§ 211, 212, 213, 245, and 12022(A) offenses. Then the Superior Court of Santa Clara County imposed sentence of 12 years in state prison, and with a released [original] date of March 23, 2008.

On February 01, 1999, Defendant put an

---

[1] Citing, U.S.C.A. Const. Amend. 14, et seq.

"holds, warrants, or detainers" document against plaintiff
during his entered into state prison system, and for
unspecific violation according to Title 8, of the United
States Code Supplemental ("U.S.C.S"), statutory. (Also see,
Exhibit [A.], of original complaint at p. 6 and 7, cf.)
Defendant document claim that: "Immigration has been
initialized to determine whether this person is subject
to removal from the United States." Defendant also deem
plaintiff from any authorities to challenge the "hold,
warrant, or detainer" lodged against him — and without
any remedies to grievance his voice under constitution
(—from "natural or public laws"—) right(s).


           On April 17, 2002, Plaintiff lodged an
alleged motion for "Interstate Agreement on Detainer Act
pursuant to Cal. Pen. Code § 1389" statutory against
Defendant's detainer document allegation. The motion's
authorities to brought plaintiff before judicial system
to stand trial of Defendant's hold, warrant, or detain
document. (Cf., U.S.C.A. Const. Amend. 6, et seq.) The
motion were originally filed within this court's
jurisdiction venue for aforementioned case number:
C 02-01980 JF (PR), which the United States District,
Jeremy Fogal, Judge entered "order transferring case"
to the Estern District Court of California. (See, original
complaint's Exhibits [B.]-[C.], et seq, e.g.) When
plaintiff sought to address the Eastern District
Court [did not] it's acknowledged to "order transferring
                              (Cf.)

Case" imposed by honorable Jeremy Fogal, of the United States District Judge, which the Eastern District Court denied any _transferring_ between Northern District Court for aforementioned case no.: C 02-01980 JF (PR). ((f., original complaint's Exhibits [B.] through [E.], e.g.)

Plaintiff's motion did not had a chanced to be heard by judicial court(s) or answer by Defendant's statutory laws. From plaintiff's exhibits, appendix, or evidences from original complaint has reflected that the motion disappear from either Northern or Eastern District Court(s) records. But, either judicial court(s) or Defendant have answer plaintiff's motion provide mens rea of constitution violation and undermined liberty of this country's integrity principle ideology.

Plaintiff claim that Defendant deprive his Sixth (either "natural or public laws") Amendment right to "_confront_ the hold, warrant, detain, or indictment" lodge against him. Accordingly to the Sixth Amendment's achievement has established:

[Section 1.]"..., by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and have the assistance of counsel for his defense." (Emphasis _added_)

which govern "criminal prosecution(s)" arena. The Sixth Amendment language interpretation does not frame ideology for "civil procedure" and non-citizen of this country. (Citing, U.S.C.A. Const. Amend. 6, "Proposed September 25, 1789, ratified December 15, 1791.")

Defendant's hold, warrant, detain, or indictment document were under "civil litigate" remedies, and upheld civil prosecution upon any immigration [alien] detainee[]. Defendant's accustomed of prosecution any detainee[] of violate 8 U.S.C.S.'s statutory laws after State's confinement were completed. This practice have been known through decades, and there prima facie case(s) outline such practice. When the time for Defendant's prosecution which before the United States District Court's jurisdiction, and allow detainee[] a liberty to protect Sixth Amendment principle. By the Sixth Amendment right have guarantee a detainee[] to have counsel represent it's interest from Defendant's prosecution procedure.

The instant case, Plaintiff have try to validity the Sixth Amendment's language that allow him to "confront his accuser" duration if his confinement by State's jurisdiction. Does plaintiff have such right deem Defendant to bring him before judicial court(s)? Whether the Sixth Amendment right leverage plaintiff confront Defendant's accused?

( 12 )

Query the Defendant's rules, regulations, or policies under 8 U.S.C.S.'s statutory that accustomed for _prosecution any detainee [ ]_. What different does it made when plaintiff wish to _confront_ Defendant, or wait it later after his state confinement were completed? Does the Sixth Amendment's language barricade jurisdiction venue or authorities from challenged accused hold, warrant, detain, or indictment?

Defendant claim within the hold, warrant, or detain document that: "Immigration has been initialized to determined whether this person [plaintiff] is subject to removal from [any] the United States." (_Emphasis added; also see, original complaint's_ Exhibit [A.], e.g.; Those investigation were initialized by Defendant on February 01, 1999. When Plaintiff lodged the Cal. Pen. Code § 1389 motion challenged Defendant to answer the violation that plaintiff had violated pursuant to 8 U.S.C.S.'s statute. Plaintiff's motion were lodged on April 17, 2002, and three (3) years is enough time for investigation been complete by Defendant's accusation. Plaintiff's original complaint of exhibits reflected that Defendant fail to answer his motion were subjected mens rea of the Sixth Amendment.

Plaintiff's motion clearly demand Defendant to brought him to trial within 180 days from the motion were lodged. (_Citing_, Cal. Pen. Code § 1389, art. III (a); _see_, U.S.C.A. Const. Amend. 6, _et seq._) If detainer (plaintiff)

brought the complaint before prosecutor (Defendant), and fail to bring detainer the appropriate court within 180 days thereon order dismissing [the same] with prejudice. ( Quote, Cal. Pen. Code § 1389, art. V(c), e.g.)

Digest the interpretation language of Cal. Pen. Code § 1389 statutory have curry same weight as Sixth Amendment principle. The statute of any and all [detainers] based on untried indictments, informations, or complaints. (See, Cal. Pen. Code § 1389, art. IX; emphasis added.) The statute also demand 180 days to brought before judicial court(s) for trial of untried hold, warrant, or detain. application. ( Citing, Cal. Pen. Code § 1389, art. III and V, et seq.) Therefore, the Cal. Pen. Code § 1389 statute does weight similar language that interpretation from the Sixth Amendment's structure. The Cal. Pen. Code § 1389 statutory "to be informed of the nature and cause of the accusational to be confronted". (Quote, U.S.C.A. Const. Amend. 6, et seq.)

Accordingly, the Cal. Pen. Code § 1389 statutory allow leverage for plaintiff challenged Defendant's hold, warrant, or detain that doctrine by the Sixth Amendment right. Plaintiff proof that Defendant failed to answer his "confront the accuser" with untried hold, warrant, or detain lodged against him. (Cf., original complaint's Exhibit [A.], e.g.) That also provide reasonable (or probable) cause which Defendant deliberately or ignore plaintiff's

Cal. Pen. Code § 1389's motion could foresee the Sixth Amendment violation.

Furthermore, whether plaintiff should upheld Defendant's accustomed prosecution? Under the Sixth Amendment right guarantee plaintiff a privilege to "confront his accuser," which Defendant accused plaintiff violated 8 U.S.C.S.'s statutory without specific the violation code or section. (Cf., original complaint's Exhibit [A.], at p. 6 and 7.) Plaintiff does not have to wait for his State's conviction complete before facing Defendant's prosecution arena. Thus, the Sixth Amendment does not barricade plaintiff the right from challenged Defendant's untried hold, warrant, or detain duration of his State confinement.

Unless the United States Constitution(s) right does not govern non-citizen(s) the privilege that guarantee all citizen of this country. On the contrary that nature laws does imprint constitution right(s) without public laws provision of deprived or violated. The core pictures of this—is whether non-citizen(s) have constitution liberty interest, which is a formal natural laws that root into public laws and the non-citizen(s) does have constitution interest.

The factual of Plaintiff's original complaint's exhibit, appendix, or evidence have demonstrate proof

( 11 )

that Defendant refuse, ignore, or reject his allegation
to challenged Defendant's untried hold, warrant, and detain
information have showing Sixth Amendment violation. Under
the 8 U.S.C.S.'s statutory does not give judicial authorities
to Defendant the "arena of prosecution." But, the arena
of prosecution should lie upon the Sixth Amendment's
language interpretation, and defined that: "confront his/her's
accusation" is leverage for Defendant relief jurisdiction
of prosecution.

De novo those point(s) that Plaintiff provide
above cause to determine whether the Sixth Amendment
were violated or deprived by Defendant's action. Prospective
in 8 U.S.C.S.'s statutory language could not barricade
plaintiff from challenge his immigration's hold, warrant, or
detain during his state confinement, and the formula were
secure by the Sixth Amendment principle. It also not
take jurisprudence minds to investigate an offense(s)
that took a decade to solve — which is not murder statute
prosecution we were speaking.

Plaintiff provide reasonable (or probable)
causes that Defendant violated his Sixth Amendment right
for not allow him "confront his accusation" of hold, warrant,
or detain by Defendant's agency. Plaintiff demonstrate
de novo between Cal. Pen. Code § 1389's statute were similar
with Sixth Amendment's language interpretation. But,
the core question that this Court have to solve is: "whether

non-citizen(s) enjoyment of this country's constitution right(s) that interest individual liberty." The solution to the question are lie upon *natural laws*.

The Sixth Amendment's structure from plaintiff suffer Defendant's accustomed prosecution, and enjoy fairness [authorities] facing Defendant's hold, warrant, detain, or indictment without violated the integrity of U.S.C.A. Const. Amend. 6, et seq, statutory guidelines Not either 8 U.S.C.S.'s statutory and Illegal Immigration Reform and Immigration Responsibility Act ("IIRIA"), of 1996 by Congress of this country could not barricade detainee[] from Sixth Amendment right. Whom statutory authorities does Defendant relied to deem plaintiff to utilize his Sixth Amendment right of "confront his asscusation?"

Plaintiff relief this "argument" by showing beyond reasonable doubt that Defendant violate the Sixth Amendment's structure, which guarantee individual liberty to "confront his/her's accusation" before judicial panel. Plaintiff have had tried numerous times to confront Defendant's accusation hold, warrant, detain, or indictment without validity judgment from true statutory of judicial's relief, and plaintiff's original complaint's exhibit, appendix, or evidence does not show shadow doubt of Defendant's from violated fundamental Sixth Amendment principle.

( 18 )

# PRAYING FOR RELIEF

Plaintiff remove the above mention court for praying for relief of this "Court Ordered Amended Complaint" of 42 U.S.C. § 1983 statute. Plaintiff have showing reasonable (or probable) causes that Defendant deprived and violated his Sixth Amendment right by denied "confront his accusation." Plaintiff's praying for relief from this Court's following:

(1.) Every detainee [ ] or inmate [ ] have the Sixth Amendment right to confront Defendant's accusation duration of their any jurisdiction confinement;

(2.) <u>Injunction</u> Defendant's rules, regulations, or policies allow detainee [ ] or inmate [ ] currently incarceration the enjoyment of Sixth Amendment's structure to confront Defendant's accusation;

(3.) <u>Injunction</u> Defendant to establish statutory guide line of remedies to allow detainee [ ] or inmate [ ] the Sixth Amendment's liberty to confront their accusation;

(4.) <u>Injunction</u> Defendant to establish grievance remedies to allow detainee [ ] or inmate [ ] enjoyment of Sixth Amendment's structure of Defendant's accusation;

(5.) <u>Injunction</u> Defendant to specific any statutory of codes or laws where detainee [ ] or inmate [ ] were violated within Defendant's hold, warrant, or detain document which was issued by Defendant's

(10.)

agency;

(6.) <u>Injunction</u> Defendant to establish time-line to answer any grievances from detainee[] or inmate[] which were lodged — and fail to uphold such time-frame consider dismissal the hold, warrant, detain, or indictment without prejudice;

(7.) Defendant's rules, regulations, or policies should allow detainee[] or inmate[] judicial gateway to the court(s) system of Defendant's untried hold, warrant, detain, or indictment document;

(8.) <u>Dismiss</u> Plaintiff's hold, warrant, detain, or indictment were issued by Defendant on February 01, 1999; because under Sixth Amendment violation;

(9.) Bring Plaintiff before proper judicial's jurisdiction venue and trial Defendant's untried hold, warrant, detain, or indictment document pursuant to Cal. Pen. Code § 1389 statutory guideline; and

(10.) This Court's ruling, ordering, or judgment should rectroactive upon every detainee[] or inmate[] are similar situation or status as plaintiff.

Plaintiff's praying for relief does not seek for <u>monetary damage</u> from Defendant's action of wrong doing, but statutory landmark allow any detainee[] or inmate[] the Sixth Amendment right to "confront his/her's accusation." Plaintiff and other detainee[] or inmate[] want to utilize the Sixth Amendment's language as proposed on September 25, 1789, by the <u>Founding</u>

(26.)

Father of this "freedom nation."

Plaintiff just sound his voice that every detainee[ ] or inmate[ ] wish to show their constitution statutory whether under natural or public laws. Plaintiff just demonstrate the Sixth Amendment's structure were been violated by Defendant's action of authorities above supremacy laws. By Defendant's action forbidden or denied plaintiff from confront his accused hold, warrant, detain, or indictment should provide relief of the Sixth Amendment violation.

/ / / / / / /
/ / / / / / /
/ / / / / /
/ / / / /
/ / / /
/ /
/

(21)

## CONCLUSION

Plaintiff have demonstrate and show reasonable (or probable) causes of above facts and original complaint's exhibit, appendix, or evidence the burden the Court to grant his 42 U.S.C. § 1983 complaint. This "Court Ordered Amended Complaint" have relief the demand, and provide cause that Defendant violated plaintiff's Sixth Amendment right. For above reason(s) that the Court should grant this "Court Ordered Amended Complaint" with proper judgment upon Defendant.

Dated: November 12, 2007

/s/ _____

Respectfully Submitted

Name: Quoc Xuong Lau
CDC#: (P-22522)
Bld.#: (10-245L)
California State Prison (C.S.P.)- Solano
P.O. Box 4000
Vacaville, California 95696-4000

/ / / / /
/ / / /
/ /
/

( 22 )

1

2

3

4          I declare under penalty of perjury that the foregoing is true and correct.

5

6          Signed this _12th_ day of _November_, 20 _07_

7

8          _____

9                              (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

( 23. )

<u>DECLARATION AND PROOF OF SERVICE BY MAIL</u>

I, _Quoc Xuong Luu_, declare under the penalty of perjury that I am over the age of 18 years, ( ) and not a party, or (X) am a party to this action, and reside in Solano County, at P.O. Box 4000, (Cell # _10-245L_ ) Vacaville, California, 95696-4000.

That on _November 12_, 2007, I deposited in the United States Mail at California State Prison – Solano, Vacaville, California a copy of the attached hereof: " _Court Ordered Amended Complaint_"

in a sealed envelope with postage fully prepaid, and addressed to:

_United States District Court_
_Northern District of California_
_Office of the Clerk_
_450 Golden Gate Avenue_
_San Francisco, California 94102_

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this _November 12_, 2007, at CSP-Solano, Vacaville, California, 95696-4000.

DECLARANT

# EXHIBIT

# [C.]

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

COPY

NAME : HANH M. NGUYEN
477 South 3rd. Street, Apt.#: A
San Jose, California 95112


IN PROPERIA PERSONA


## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT COURT OF CALIFORNIA

#### IMMIGRATION COURT


| | |
|---|---|
| IMMIGRATION AND NATURALIZATION SERVICES, (I.N.S.), et al., <br> Plaintiff/Respondent, | Case No.: <br> SFR0708001141 <br><br> File No.: <br> A#-027-838-994 |
| vs. | Court Dated: <br> March 05, 2008 <br> at 8:30 a.m. |
| HANH M. NGUYEN, <br> Defendant/Appellant, | Dept.#: 17 |
| In re: Quoc Xuong Luu, <br> Plaintiff/Petitioner, | Case No.: <br> C-07-2704-JSW (PR) |
| vs. | File No.: <br> A#-027-838-996 |
| IMMIGRATION AND NATURALIZATION SERVICES, (I.N.S.), et al., <br> Defendant(s)/Respondent(s), | Warrant No.: <br> 581212FB6 |
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, DEPARTMENT OF HOMELAND SECURITY, <br> Real Party in Interest. | MOTION FOR CONSOLIDATE THE CASES UNDER SIMILARLY STATUS & LITIGATION OF PROSECUTION. |

(1.)

# I N T R O ᴅ U C T I O N

Ms. Hanh M. Nguyen (ᴅefendant), of aforementioned case no.: SFR0708001141 had been alleged by Respondeht of violated immigration statutory provision, and to be determined for removal pursuant to Immigration and Nationality Act ("INA"), § 212(a)(2) (A)(i)(I). Respondent claimed that ᴅefendant had violated 28 U.S.C.S. §§ 1101 and 1227-1228, et seq, statutes on September 19, 2007, while re-entry into the United States of America on a vacation to Vietnam country. ᴅefendant were been detained by Respondent without Fifth Amendment (citing, **Miranda v. Arizona,** 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1062 (1966)]), and been interrogated for seven hours without any attorney or counsel protection. (Quote, U.S.C.A. Const. Amend. 6, et seq, "right to have counsel presented;" also see, **Edwards v. Arizona,** 451 U.S. 477 [68 L.Ed.2d 378, 101 S.Ct. 1880 (1981)], ("..require counsel to be presented during any interrogation or questions by lawenforcement and any formal government agency..").)

Mr. Quoc Xuong Luu (Plaintiff), of aforementioned case no.: C-07-2704-JSW PR, is Ms. Hanh M. Nguyen's son whom case status are similarly with her. Plaintiff entered into the United States America with his mother (Ms. Hanh M. Nguyen) on November 11, 1986. However, Plaintiff currently under the custody of the California ᴅepartment of Corrections system and been served his criminal conviction had imposed by the Santa Clara County Superior Court. Plaintiff's criminal sentenced

(2.)

are almost completed, and face the I.N.S.'s accused allegation
crime violated Title 8, of the United States Code Supplement,
et seq, statutory provision under immigration laws.    Then
Plaintiff alleged that the I.N.S.'s agency violated his Sixth
Amendment right to "confront his accuser" before judicial panel
system.

Plaintiff (Mr. Quoc Xuong Luu) and Defendant
(Ms. Hanh M. Nguyen) are mother and son relationship whom entered
into this country (United States of America) legally on November
11, 1986, under refugee status of entry.    If, the I.N.S. agency
tribunal Ms. Nguyen before immigration court then Mr. Luu have
that right to confront his accuser beside his mother --- because
the tribunal could scale unconstitutional or kangaroo practice.
Both persons have similarly status from I.N.S.'s allegation
of indictment offenses and tribunal both cases could constitution
contradiction each other uniform court or judges.

Defendant does not understand or speak English
below 6th grade average standard person(s), and cannot secure
fundamental constitutional principles guarantee each person(s)
the liberty to exercise.    Defendant's defense and statements
are similarly with Plaintiff tribunal.    Plaintiff could explain
and advise Defendant adjudicated procedure and tribunal in native
language.

Therefore, Defendant and Plaintiff remove above

(3.)

entitle court for motion for consolidate the cases under similarly status & litigation of prosecution both cases.  Both have been charges for illegally entry into the United States of America and facing for deportation removal pursuant to 8 U.S.C.S. § 1101 and § 1227-1228, et seq, violations.  Its the judicial interest to consolidate the cases to protect the interest of constitutional liberty of natural laws, because tribunal the cases separately could contradict the prosecution strategy.

## S T A T E M E N T  O F  F A C T [S]

Mr. Luu were born in Siagon City of South Vietnam country during the occupation of 1979 by the Vietcong ("VC") communist party.  Mr. Luu and his family members (--his mother and brother--) fleet the country by migrate through lands of Cambodia to Philippines refugee camp.  Mr. Luu and Ms. Nguyen left the communist party about 1985 and arrived to Philippines of early 1986, then permitted into the United States of America on November 11, 1986, at the San Francisco port of entry.

During the course of our traveling to the United States of America that the family members endurance physical and mental hardship from the Cambodia's militant.  Mr. Luu and his family witness execution and rape[] of migrate refugee people[s].  Such memory have psychology implant Mr. Luu and his family lives.

(4.)

His family arrived into the United States of
America on November 11, 1986, at the San Francisco airport.
Ms. Nguyen and Mr. Luu relative family members financially
support to document(s) under "Lawful Permanent Resident" of
refugee status from 8 U.S.C.S. § 1101(a)((42)(A)÷(B) and § 1157,
et seq, statutory provision.

[A.] Mr. Hanh M. Nguyen (mother) historical fact[s]:[*]/

Ms. Hanh M. Nguyen arise and educated in democracy
of Vietnam country before communist party (VC) took control
the country from the fall of "Siagon" of 1975. Ms. Nguyen then
married to Mr. Luu's father and has two boys in 1979. The family
believe and function under democracy principle before VC took
control of the country. Then Ms. Nguyen's husband tried to
reach United States by migrate through maritime route with other
thousand peoples aboard the ships. The ship were sink on the
open sea that routed to United States of America, which Mr.
Luu were four (4) years old.

The communist party took all assess and land
that were own by Ms. Hanh and her husband. The communist also
executed some of the family [relative] members because their
believe and bind to communist regime. Ms. Nguyen took her two

_____

[*]/ Please notice that this fact[s] of Ms. Nguyen's historical
background are base upon Mr. Luu's memory and the events he
had witnesses from his childhood and story from her life itself.

(5.)

boys and flee the country from communist regime, and her family
lives well-being that could be executed by the VC's party.

Ms. Nguyen arrived into the United States of
America on November 11, 1986, under refugee status and were
permitted refuge of the country. On May 12, 1992, Ms. Nguyen
were convicted for "petty theft" pursuant to **Cal.Penal Code**
**§ 484/488**, et seq, violation. She had completed her sentenced
of judgment were imposed, and since then she did not committed
or violated any state[] or federal statutory crimes or criminal
act. That is the only crime she had committed during her resident
in the United States of America country.

During her twenty-one (21) years of resident
in the United States of America that she give birth to Vicky
Diem Nguyen and Tommy Nguyen. Both child are from the range
of 12 to 16 years old and the United States citizenship. Ms.
Nguyen cannot work due to her disability and hardship of taking
care the child.

On September 19, 2007, the I.N.S. agency detained
Ms. Nguyen at San Francisco airport after she re-entry into
the United States of America from her visit Vietnam. The I.N.S.
agency alleged Ms. Nguyen [May 12,] 1992 conviction that violate
8 U.S.C.S. § 1101(a)(43)(G), statutory and seeking for removal
procedure under 8 U.S.C.S. §§ 1227-1228, et seq, status. The
I.N.S. agency also took her lawful permanent resident dcoument(s)

(6.)

and deem her before tribunal of immigration court.

During the course of her detain by the I.N.S.
agency for seven (7) hours of interrogation without Fifth and
Sixth Amendments constitution protection, that affect her mentally
impair.  She could not speak or write in English language which
solely could she comprehend the badger unconstitutional
interrogation practice by the I.N.S. agency.  She did not
committed any national or international statutory laws that
been treat and badger like a terrorise suspect[].

Ms. Nguyen received document[] from the I.N.S
agency that deem her to be appeared before immigration [tribunal]
judge on March 05, 2008, at approximately 8:30 a.m., and at
Immigration Court, 120 Montgomery Street, 9th Floor, Courtroom
#17, San Francisco, California 94104.  On such date of proceeding
that the I.N.S. agency seeking for "removal" Ms. Nguyen back
to her native country. (Also see, EXHIBIT A., e.g., cf.)

### [B.] Mr. Quoc Xuong Luu (son) historical fact[s]:

Mr. Quoc Xuong Luu were birth by Ms. Hanh M.
Nguyen in Vietnam of 1979 communist party.  Mr. Luu and his
mother with an older brother (Mr. Xuong Luu) flee from Vietcong
communist party regime and came to the United States of America
in November 11, 1986.  Mr. Luu raise and educated in the United
States of America for over 21 years of resident.

(7.)

During his resident in the United States of America that he committed numerous aggravated felony pursuant to 8 U.S.C.S. § 1101, et seq, statutory violation. Some of the convictions were under juvenile convictions. Mr. Luu's first time convicted and confinement in state prison.

On 1998 Mr. Luu were indicted information from the Superior Court of California, and for Santa Clara County for violated Cal.Penal Code §§§ 211, 212.5, 213, 245, and 12022 statutory provision. Mr. Luu were sentenced to California State Prison (Department of Correction) for 12 years of confinement under a nolo contest plea agreement. Mr. Luu arrived to Department of Correction on December of 1998 and been classified as award of the State.

During his arrival to Department of Correction that the I.N.S. agency put an "hold/indictment" upon him for violated immigration statutory under Title 8, of the United States Code Supplemental provision. Mr. Luu should been release from Department of Correction custody on March 27, 2008, however, there were some unfinish litigation or hold by the Solano County Superior Court's indictment. Mr. Luu currently attend his court procedure, and confront his accuser of such indictment or hold lodged against him. His original release of March 27, 2008, are change to September of 2008 due to administrative tribunal infraction.

(8.)

On May 16, 2007, Mr. Luu submitted an civil right complaint pursuant to 42 U.S.C. § 1983-1985, et seq, petition to the United States District Court for the Northern District of California for alleged that the I.N.S. agency violated his fundamental principle of Sixth Amendment right. (Also see, EXHIBIT [C.], e.g.) On October 15, 2007, the district court rendered a order that: "Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of 'natural laws' and makes bibical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief." (Emphasis added; also see, EXHIBIT [C.], e.g.)

On November 12, 2007, Mr. Luu filed an "amend complaint" to the Court. Mr. Luu still wait for the Court to imposed an order or rule upon his amend complaint, and for aforementioned docket no.: C-07-2704-JSW (PR). The case are still pending before judicial court of united states district court.

## S T A T U T O R Y   R E L I E F

Ms. Hanh M. Nguyen (mother) and Mr. Quoc X. Luu (son) were had came into the United States of America the same

(9.)

time of entry.   The cases resemblance are identical from status
of prosecution or statutory violation.   The statement of facts,
supra, have showing reflection or relationship of both cases.

Its upon this court determination to analysis
both cases similarry statutory violation or prosecution that
could relief judicial tribunal different venue of confusion.
It also secure jurisdiction relief and indifference tribunal
that could contradict the Court[s] one-another decision, order,
or judgment from the case[s].

Judiciary consider consolidate both cases for
the following reason[s]:

(1)

(1) Economy affection for separate court proceedi
proceeding and amount legal document or salary for prosecution;

(2) Similarity statutory violation;

(3) Judicial confusion, contradict ruling, and
application of statutory provision; and

(4) Jurisdiction venue of judicial tribunal.

Those reason[s] have paint a picture for relief for judicial
court consider consolidate the cases are reasonable.


P R A Y I N G   F O R   R E L I E F

Ms. Nguyen and Mr. Luu praying judicial court for relief <u>granting</u> the motion for consolidate the cases under similarly status & litigation of prosecution. For above reasons of cause that granting the motion could benefit judicial court unnecessary confusion of document[s] and prosecution venue.

## C O N C L U S I O N

The motion for consolidate the cases under similarly status & litigation of prosecution have relief for judicial court <u>granting</u> judgment. For above reason of cause that establish relief for granting the motion.

DATED: February 06, 2008

/S/ _____
Respectfully Submitted

NAME : QUOC XUONG LUU (In Properia Persona)
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

/////
////
///
//
/

(11.)

(C.C.P. §§446; 2015.5;
28 U.S.C. §1746)

I, ___Quoc Xuong Luu___, declare under the penalty of perjury that:

I am the __Plaintiff__ in the attached matter; I have read the foregoing document(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this __06__ day of __February__, __2008__, at California State Prison / Solano, Vacaville, California.

(Signature) _____ (In Pro. Per.)
                        Declarant  Quoc Xuong Luu

*****************************************************************************

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, __Quoc Xuong Luu__, declare:    That I am a resident of California State Prison / Solano    State of California; I am over the age of 18 years; I am/am not a party to the above entitled action; My address is P.O. Box 4000 __1-250u__ Vacaville, CA 95696.    I served the attached document(s) entitled:  "MOTION FOR CONSOLIDATE THE CASES UNDER SIMILARLY STATUS & LITIGATION OF PROSECUTION."

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison / Solano, in Vacaville, California, addressed as follows:

Immigration Court
120 Montgomery Street, Suite 800
San Francisco, California 94104

Hanh M. Nguyen
477 South 3rd Street, Apt.#A
San Jose, California 95112

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102

Attorney General Office
450 Golden Gate Avenue
San Francisco, California 94102

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this __06__ day of __February__, __2008__ at California State Prison / Solano, in Vacaville, California.

(Signature) _____ (In Pro. Per.)
                        Declarant

# EXHIBIT
# [D]

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102



March 11, 2008

**In re:** Luu v. Immigration & Naturalization Service (I.N.S.), et al.,
United States of America, Real Party in Interest.

Case No.: C-07-2704-JSW (PR)


NAME : Quoc Xuong Luu
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

**To the Clerk whom assign above entitle case,**

On October 15, 2007, Honorable Jeffrey S. White, of
the United States District Judge imposed an ordered of dismissal
with leave to amend and instructions to the clerk and granting leave
to proceed in forma pauperis. (Referred to the court's record docket
no. 4.) On November 12, 2007, Plaintiff of above entitle case filed
an "court ordered amended complaint" of docket no. 4's ordered.
Then on February 06, 2008, Plaintiff submitted an "motion for
consolidate the cases under similarly status & litigation of prosecution"
to the court.

Plaintiff just wonder where above entitle case remedies
within this court's jurisdiction of prosecution. Its been along
time since Plaintiff heard any responses from the court's ruling
or ordering regarding to his amended complaint or motion which were
filed.

Plaintiff take this time appreciate any assistants that
the court could provide regarding to the matter of interest.

Sincerely,

Quoc Xuong Luu

# EXHIBIT E

U.S. Department of Justice
Immigration and Naturalization Service

**Immigration Detainer - Notice of Action**

| | |
|---|---|
| File No. | A 27 838 996 |
| Date: | 2/1/99 |

Date Of Interview  1/5/99        Inmate Number  P22522        CII# A11826463

| To: | From: |
|---|---|
| CUSTODIAN OF RECORDS, HOLDS/WARRANTS/DETAINER COUNTY JAIL/CALIFORNIA DEPARTMENT OF CORRECTION AND OR ANY SUBSEQUENT LAW ENFORCEMENT AGENCY | U.S. Immigration and Naturalization Service 630 Sansome Street San Francisco. CA 94111 |

INS Name:    **LUU, Quoc Xuong**        Institution Name: **LUU, Quoc Xuong**

Date of birth:        1/1/79        Nationality        Vietnam        Sex:    MALE

**HOLD**

You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☒ Investigation has been initialized to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____
                                                                (Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (15) 705-4532 during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.    A self-addressed stamped envelope is enclosed for your convenience.    Please return a signed copy via facsimile to _____
                                                                (Area code and facsimile number)

Return fax to the attention of _____ , at _____ .
                    (Name of INS officer handling case)        (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
☒ Notify this office in the event of the inmate's death or transfer to another institution.
☐ Please cancel the detainer previosly placed by this Service on _____ .

_____        Mario Canton, Immigration Agent
(Signature of INS official)                    (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: _____ Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev. 4-1-97)N

STATE OF CALIFORNIA

**INMATE NOTIFICATION AND AGENCY ACKNOWLEDGEMENT OF DETAINER RECEIPT**

CDC 661 (5/90)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
ORIGINAL - CENTRAL FILE
COPY - INMATE
COPY - AGENCY
COPY - PENDING

### INMATE NOTIFICATION OF DETAINER RECEIPT

| INMATE'S NAME | AKA | CDC NUMBER | TODAY'S DATE |
|---|---|---|---|
| LUU, QUOC XUONG | | P22522 | 02-02-99 |

INSTITUTION NAME AND ADDRESS

SAN QUENTIN RECEPTION CENTER

On ___02-01-99___ a detainer was filed against you. This detainer indicates that you are

wanted by ___USINS___

on a charge of ___IMM./VIOL.___ based on Warrant Number ___A27838996___

YOU ARE HEREBY NOTIFIED (refer only to item(s) marked):

☐ You may request disposition of untried charges in accordance with Section 1381 P.C.

☐ You may request disposition of probation in accordance with Section 1203.2a P.C. (for California Counties only.)

☐ You may request disposition of untried charges in accordance with Section 1389 P.C. (See Agreement on Detainer Form I , CDC 1664 attached.)

☐ You may request to be returned to this jurisdiction for concurrent service of terms In re Stoliker.

If you are wanted by those authorities to complete service of an unexpired commitment in that jurisdiction and if your present California commitment has been ordered to run concurrently with that previous commitment, you may be eligible for transfer to that jurisdiction under In re Stoliker, 49 Cal. 2d 75.

If you believe that you meet the above criteria, you may make a request to the Director, in writing and through the institution records office, asking that you be made available to those authorities so that your terms may run concurrent. If the Director grants your request, a letter will be sent to those authorities notifying them of your present status and of the fact that you are available to them.

Those authorities may then either: (1) request that you be transferred to them in which case you will be transferred, your sentence will run concurrently, and a detainer will be placed against you by California for your return should you complete their sentence first; (2) designate this institution as the place for service of your commitment to them in which case you will get the benefit of concurrent terms; or (3) deny your request in which case your only recourse will be in the courts of that jurisdiction.

☒ None of the above are applicable in this case.

**If the subject inmate wishes to exercise any of the above marked alternatives, he/she should direct a written request to his/her institution records office.**

| RECEIPT ACKNOWLEDGED (INMATE'S SIGNATURE) | CDC NUMBER | DATE | AUTHORIZED STAFF'S SIGNATURE |
|---|---|---|---|
| | P-22522 | 2 2-97 | |

### ACKNOWLEDGEMENT TO AGENCY

TO (AGENCY'S NAME AND ADDRESS): USINS

630 SANSOME STREET RM. 115 A
SAN FRANCISCO, CA. 94111

This is to acknowledge receipt of your detainer on the above identified subject. Notations have been entered into our records that the subject is Wanted by your agency. Should this detainer not be recalled, we will notify your office in advance of the subject's scheduled release date of: _____

Please note: the scheduled release date is subject to change.

Questions regarding this notification and acknowledgement may be directed to:

| INSTITUTION NAME | SAN QUENTIN RECEPTION CENTER |
|---|---|
| ADDRESS | SAN QUENTIN, CA. 94964 |
| CONTACT PERSON | HWD DESK |
| TELEPHONE NUMBER | (415) 454-1460 EXT. 5402 |

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

In Properia Persona

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: QUOC XUONG LUU,

Quoc Xuong Luu,

     Plaintiff/Petitioner,

vs.

IMMIGRATION AND NATURALIZATION SERVICES,
(I.N.S.), et al.,

     Respondent(s)/Defendant(s),

UNITED STATES OF AMERICA,
STATE OF CALIFORNIA,
DEPARTMENT OF HOMELAND SECURITY,

     Real Party in Interest.

Case No.:
C-07-2704-JSW (PR)

File No.:
A#-027-838-996

Warrant No.: 581212FB6

**MOTION FOR SUMMARY
JUDGMENT OF AMENDED
COMPLAINT'S
CONSTITUTIONAL CLAIM,
RESPONDENT DEMURRED
FOR FAILURE TO
RESPONSES THE
ALLEGATIONS.**

INTRODUCTION

     Plaintiff, QUOC XUONG LUU, had filed an pro se
amended complaint under 42 U.S.C. § 1983, civil suit alleged
that his Sixth Amendment constitutional right pursuant to Federal

(1.)

1  and United States statutory provision were violated or deprived

2  by Respondent's authority of practice.

3

4          Plaintiff remove above entitle court for entertain

5  the "motion for summary judgment of amended complaint's

6  constitutional claim, Respondent demurred for failure to responses

7  the allegations" within the 42 U.S.C. § 1983 amended complaint.

8  Plaintiff will demonstrate that time elapsed for Respondent's

9  inadequate performance to answer the amended complaint's allegation

10  -- and miscarriage of justice [scheme] like aforementioned case

11  no.: C-02-01980-JF-(PR), e.g., proceeding that had been practiced.

12  (Also see, EXHIBIT and APPENDIX of original 42 U.S.C. § 1983

13  complaint.)  Plaintiff also show that his Sixth Amendment claim

14  govern Respondent's authorities under the Title 8, of the United

15  States Code Supplemental ("U.S.C.S."), statutory scheme, which

16  would not justify the amended complaint's claim.

17

18          Therefore, motion for summary judgment are proper

19  justification for Respondent to relief statutory malpractice,

20  authority, and constitutional [violation] of the Sixth Amendment

21  claim.  Within the motion for summary judgment that plaintiff

22  seeking Respondent to render relief his amended complaint under

23  "validity claim and constitutional violation." (Citing, 28 U.S.C.

24  § 1331, et seq.)

25

26                    PROCEDURAL BACKGROUND

27

28          On May 16, 2007, Plaintiff filed an pro se civil

1   rights action pursuant to 42 U.S.C. § 1983 statute and also

2   submitted an application to proceed in forma pauperis. (Citing,

3   28 U.S.C. § 1915, et seq.)  On October 15, 2007, the Court imposed

4   an order to "dismisses the complaint with leave to amend and

5   orders Plaintiff to file an amended complaint within thirty

6   days from the date of this order."  The Court also order "granting

7   leave to proceed in forma pauperis" application. (Also referred,

8   to the court's record of docket no. 4's orders; see, EXHIBIT

9   [A.], e.g.)

10

11       On November 12, 2007, Plaintiff submitted an

12   "Court Ordered Amended Complaint" that were imposed by the Court's

13   order of October 15, 2007.  Plaintiff amended complaint's argument

14   upheld the requirement of the court's ordered.  However, Plaintiff

15   pleading the Court's leave for not amend his "EXHIBIT, APPENDIX,

16   or EVIDENCE" from it's original complaint, and any exhibit,

17   appendix, or evidence in content within amended complaint are

18   preferring to the original complaint. (See, EXHIBIT [B.], cf.)

19

20       On February 06, 2008, Plaintiff than submitted

21   an "motion for consolidate the cases under similarly status

22   & litigation of prosecution," with his mother's indictment from

23   the Immigration Court tribunal and for aforementioned case no.:

24   SFR-0708001141. (Also see, EXHIBIT [C.], e.g.)

25

26       On March 11, 2008, Plaintiff submitted a "letter"

27   requesting the Court for summary status of above entitle action.

28   However, the Court did not responded to Plaintiff's pleading
    of

1  of <u>motion for consolidate</u> and <u>letter for summary status</u>.  The

2  above entitle court were moot the action's claim before judicial

3  entertainment. (<u>See</u>, EXHIBIT [D.], cf.)

4

5                        STATEMENT OF FACTS

6

7            Plaintiff born in Siagon City of South Vietnam

8  Country during the occupation of 1979 by the Vietcong communist

9  party --- and after the "Fall of Siagon" in 1975.  Plaintiff

10 and his family members (mother and older brother) arrived to

11 the United States Country under <u>refugee</u> status on November of

12 1986.

13

14            On December 11, 1998, Plaintiff were convicted

15 under the Superior Court of the State of California by entered

16 a plead of "<u>nolo contest</u>" to Cal.Pen. Code §§ 211, 212, 213,

17 245, and 12022(a) statutory violations.  The Superior Court

18 of Santa Clara County than imposed twelve (12) years sentence

19 to the California Department of Corrections institution ---

20 and with a calculation release date of March 27, 2008.[1]/

21

22            On February 01, 1999, Respondent's agency put

23 an "hold, warrant, or detainer" document upon Plaintiff for

24 "unspecific [statutory] violation(s)" that supporting by the

25 Title 8, of the United States Code Supplemental statutory

26 _____

27        [1]/ <u>Citing</u>, Cal.Pen. Code § 667, § 1192, and §§ 2900-2932,
   et seq, statutory interpretation that supporting State court(s)
28 for determining <u>sentencing guideline</u> (1998 ed. verision).

                        (4.)

language.  Respondent's hold, warrant, or detainer document
have stated: "Immigration has been initialized to determine
whether this person is subject to removal from the United States."

On April 17, 2002, Plaintiff lodged an alleged
"motion for Interstate Agreement on Detainer Act pursuant to
Cal.Pen. Code § 1389" against Respondent's hold, warrant, or
detainer document --- and for aforementioned case no.: C-02-
01980-JF-(PR).  However, the aforementioned case no.: C-02-01980-
JF-(PR)'s allegation did not survive judicial tribunal of
litigation.

Plaintiff then filed an pro se 42 U.S.C. § 1983
civil rights complaint alleged Respondent violated his Sixth
Amendment right to "confront his accuser."  However, the Court
dismissed plaintiff's first complaint and deem him to file an
amended complaint.  The Court claim that: "Plaintiff has failed
to set forth sufficiently clear facts for the Court to discern
the nature of his complaint.  The complaint fails to state a
claim for relief." (See, EXHIBIT [A.], e.g.)  Plaintiff then
amended complaint alleged that Respondent accused [--by the
holds, warrants, and detainers document--] him violated, citing,
8 U.S.C. §§ 1101, 1227-1228, et seq, statutory language under
natural or public laws of the Sixth Amendment statutes -- and
allow plaintiff to confront Respondent's accusation hold, warrant,
or detainer.

Plaintiff also filed motion(s) or letter that

1   relate to the above entitle action.  Currently plaintiff did
2   not received, heard, or responded from the Court's ruling, order,
3   or responses from his motion and letter.  Since plaintiff's
4   amended complaint were filed that the Court did not render any
5   further ruling or order of aforementioned case no.: C-07-2704-
6   JSW-(PR).

7

8                 MEMORANDUM AND POINTS OF AUTHORITIES

9

10                  On Plaintiff's amended complaint under 42 U.S.C.
11  § 1983 statute have demonstrated that I.N.S. agency deprived
12  and violated his Sixth Amendment right to "confront his accuser."
13  (Citing, U.S.C.A. Const. Amend. 6, et seq.)  Within the amended
14  complaint's content have provided that:

15                      "[Section 1.] ..., by an impartial
                        jury of the state and district
16                      wherein the crime shall have been
                        committed, which district shall
17                      have been previously ascertained
                        by law, and to be informed of the
18                      nature and cause of the accusation:
                        to be confronted with the witnesses
19                      against him; to have compulsory
                        process for obtaining witnesses in
20                      his favor, and have the assistance
                        of counsel for his defense."
21                      (Emphasis added; amended complaint
                        at p. 12; U.S.C.A. Const. Amend.
22                      6, et seq.)

23

24  Plaintiff also alleged that under Sixth Amendment right of "natural
25  or public laws" that guarantee him the privilege of liberty
26  to "confront his accuser."  Plaintiff also define Defendant's
27  statutory authorities to bar him from utilized Sixth Amendment
28  right to confront his accuse hold, warrant, or detainer that

                                (6.)

1  authorized or issued by Defendant's agency. (See, EXHIBIT [E.],
2  e.g.)

3

4          Plaintiff remove entitle court for summary judgment
5  under Fed.Rules of Civil Procedure, Rule 56 ("Summary Judgment"),
6  statute.  Under statutory of Fed.R.Civ.Pro. Rule 56(d) have
7  define that: "...the whole case or for all the relief asked
8  and a trial is necessary, the court at the hearing of the motion,
9  by examining the pleading and the evidence before it and by
10 interrogating counsel, shall if practicable ascertain what material
11 facts exist without substantial controversy and what material
12 facts actually and in good faith controverted." The statute
13 also allow a party to move the action for summary judgment when
14 the (1) genuine issue(s) and (2) material fact support or de
15 facto the issues.

16

17         Whether the court render summary judgment in
18 Plaintiff's favor or not, however, the Fed.R.Civ.Pro. Rule 56
19 statute have define that a party could move the court for pre-
20 trial and trial proceeding.  Plaintiff have establish genuine
21 issue(s) and material facts support his amended complaints claim
22 that Defendant clear and convince evidences beyond reasonable
23 doubt that his Sixth Amendment right were deprived or violated.
24 Defendant also failed to establish statutory interpretation
25 or facts that Plaintiff's Sixth Amendment were not violated
26 and been deprived by Defendant's authorities.

27

28         Therefore, motion for summary judgment have provide

(7.)

1   statutory burden under Fed.R.Civ.Pro. Rule 56's guideline for

2   relief of its statute interpretation.  Defendant failed or denied

3   Plaintiff's Sixth Amendment right in two occasion of litigation

4   before judicial tribunal.  Plaintiff have establish genuine

5   issue and material facts of his amended complaint claim that

6   Defendant violated his Sixth Amendment right --- and Defendant

7   could not rebuttal his amended complaint's allegation without

8   reasonable doubt.

9

10                          <u>PRAYING FOR RELIEF</u>

11

12          For above reason(s) for relief the motion for

13   summary judgment.  Defendant could not establish statutory

14   interpretation or languages to rebuttal Plaintiff's amended

15   complaint's claim of Sixth Amendment violation --- and could

16   not denied genuine issue and material facts to supporting the

17   Sixth Amendment claim.  Plaintiff praying for relief of the

18   following[s]:

19

20                 (1.) <u>Grant</u> the motion for summary judgment,

21                 (2.) <u>Injunction</u> Defendant to bring Plaintiff

22   before Immigration Court to face his accuser whom authorized

23   the hold, warrant, detainer document (<u>see</u>, EXHIBIT [E.], e..g),

24                 (3.) <u>Dismiss</u> Defendant's hold, warrant, and

25   detainer document that shadow validity of Sixth Amendment --

26   - and all document from every government or local States agency

27   from Defendant's hold, warrant, or detainer claim,

28

1                    (4.) Deem Defendant to bring Plaintiff to

2  confront his accuser of hold, warrant, or detainer document,

3                    (5.) Remove the Court for pre-trial and trial

4  proceeding of above entitle action, and

5                    (6.) Injunction Defendant to answer Plaintiff's

6  42 U.S.C. § 1983 (amended) complaint or face statutory punishment

7  for failure to denied validity of Sixth Amendment claim.

8

9          Therefore, the motion for summary judgment have

10  establish reasonable [or probable] of cause for relief upon

11  Defendant to answer the allegation within amended complaint.

12  Defendant failure and intently prolong Plaintiff's prosecution

13  the case have undermine or abuse authorities that guarantee

14  under the United States Constitutional principles.

15

16                          CONCLUSION

17

18          For above reasons support relief of motion for

19  summary judgment.  The motion for summary judgment have establish

20  relief under Fed.R.Civ.Pro. Rule 56 statute interpretation and

21  deem Defendant to render judgment to answer Plaintiff's allegation.

22  It's proper for the Court to grant the motion for summary judgment

23  and request Defendant to render rebuttal of Sixth Amendment

24  claim.

25

26  DATED: *April 10, 2008*

27                    /S/ _____

                            Respectfully Submitted

28
NAME : QUOC XUONG LUU (In Pro. Per.)
CDC #: (P-22522); Bld.#: (Q1-250U)
California State Prison - Solano, P.O.
Box 4000, Vacaville, California 95696-4000

# EXHIBIT

# [A.]



ORIGINAL
FILED

OCT 1 5 ...

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC XUONG LUU, | No. C 07-2704 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |
| vs. | |
| I.N.S., et al, | **(Docket No. 4)** |
| Defendant. | |

## INTRODUCTION

Plaintiff, a prisoner of the State of California incarcerated at California State Prison-Solano in Vacaville, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. The complaint is largely incomprehensible, however, it appears that Plaintiff may be complaining about an immigration detainer hold placed on him. Plaintiff also seeks leave to proceed *in forma pauperis* (docket no. 4). In this order, the Court dismisses the complaint with leave to amend and orders Plaintiff to file an amended complaint within thirty days from the date of this order.

## STATEMENT OF FACTS

Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of "natural law" and makes biblical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief.

1

## STANDARD OF REVIEW

2      Federal courts must engage in a preliminary screening of cases in which prisoners

3  seek redress from a governmental entity or officer or employee of a governmental entity.

4  28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

5  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

6  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

7  defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

8  liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

9  1990).

10      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

11  (1) that a right secured by the Constitution or laws of the United States was violated, and

12  (2) that the alleged violation was committed by a person acting under the color of state

13  law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

14

## ANALYSIS

15      To state a claim arising under federal law, it must be clear from the face of

16  Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland*

17  *Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to

18  plead his evidence "or specific factual details not ascertainable in advance of discovery,"

19  *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied*, 479 U.S.

20  1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the

21  allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989

22  (9th Cir. 1976). And a complaint that fails to state the specific acts of the defendant

23  which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the

24  Federal Rules of Civil Procedure. *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5

25  (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to

26  amend to correct any deficiency in their complaints. *Lopez v. Smith*, 203 F.3d 1122,

27  1126-27 (9th Cir. 2000) (en banc).

28

2

1    In this case, Plaintiff has failed to clearly state the specifics that entitle him to
2    relief under 42 U.S.C.A. § 1983, specifically how his constitutional rights were violated,
3    and the conduct of each Defendant that he asserts is responsible for a constitutional
4    violation. As such, Plaintiff will be granted leave to amend to allege specifics regarding
5    any claims he has against any named defendant.

6    In his amended complaint, Plaintiff must establish legal liability of each person or
7    entity for the claimed violation of his rights. Liability may be imposed on an individual
8    defendant under section 1983 if the plaintiff can show that the defendant proximately
9    caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628,
10   634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A
11   person deprives another of a constitutional right within the meaning of section 1983 if he
12   does an affirmative act, participates in another's affirmative act or omits to perform an act
13   which he is legally required to do, that causes the deprivation of which the plaintiff
14   complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442
15   (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation
16   may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff
17   must instead "set forth specific facts as to each individual defendant's" deprivation of
18   protected rights. *Leer*, 844 F.2d at 634.

19   Plaintiff may be complaining about the existence of an immigration "detainer" or
20   hold. However, Plaintiff does not clearly state what he contends is unlawful about the
21   detainer and why he is entitled to relief. Plaintiff will be provided with thirty days in
22   which to amend to correct the deficiencies in his complaint. Accordingly, the complaint
23   is DISMISSED. However, Plaintiff is provided with LEAVE TO AMEND his complaint
24   within thirty days, as set forth below.

## CONCLUSION

26   For the foregoing reasons and for good cause shown,

27       1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as

28                                       3

1  indicated above. Plaintiff shall file an amended complaint within ***thirty days from the***
2  ***date of this order***. The amendment must include the caption and civil case number used
3  in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the
4  first page. Failure to amend within the designated time will result in the dismissal of the
5  complaint without prejudice.

6      2. Plaintiff is advised that an amended complaint supersedes the original
7  complaint. "[A] plaintiff waives all causes of action alleged in the original complaint
8  which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644
9  F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no
10  longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,
11  506 U.S. 915 (1992).

12      3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
13  Court informed of any change of address and must comply with the Court's orders in a
14  timely fashion. Failure to do so may result in the dismissal of this action under Federal
15  Rule of Civil Procedure 41(b).

16      IT IS SO ORDERED.

17  DATED: October 15, 2007

18                                 JEFFREY S. WHITE
19                                 United States District Judge

20

21

22

23

24

25

26

27

28                                     4

ORIGINAL
FILED

OCT 1 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,                    )    No. C 07-2704 JSW (PR)
                                    )
          Plaintiff,                )
                                    )
     v.                             )    ORDER GRANTING LEAVE
                                    )    TO PROCEED IN FORMA
I.N.S., et al,                      )    PAUPERIS
                                    )
          Defendants.               )
_____)    (Docket no. 4)

     Plaintiff's application for leave to proceed in forma pauperis under 28 U.S.C.

§ 1915 is GRANTED. The total filing fee due is $ 350.00. In light of Plaintiff's balance

and deposits over the last six months, an initial partial filing fee in the amount of $12.21

is due at this time. *See* 28 U.S.C. § 1915(b)(1). A copy of this order and the attached

instructions will be sent to the Plaintiff, the prison trust account office, and the Court's

financial office.

     IT IS SO ORDERED.

DATED: October 15, 2007

                                    JEFFREY S. WHITE
                                    United States District Judge

# EXHIBIT

# [B.]

**COPY**

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT. 42 U.S.C §§ 1983

2

3  Name _LUU___ _Quoc____ _Xuong_

4     (Last)          (First)          (Initial)

5  Prisoner Number _P-22522_

6  Institutional Address _California State Prison (C.S.P.)-Solano, P.O.Box_

7  _4000, Vacaville, California 95696-4000_

8  =======================================================

9                 UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA

10  _Quoc Xuong Luu,_

11  (Enter the full name of plaintiff in this action..)

12                    vs.                    Case No. _C-07-2704 JSW (PR)_
                                            (To be provided by the clerk of court)
13  _Immigration and Naturalization_

14  _Services (I.N.S.) et al.,_           COURT ORDERED

15  _Respondent / Defendant,_             AMENDED

16  _United States of America_            COMPLAINT

    (Enter the full name of the defendant(s) in this action)
17  _Real Party in Interest._

18  [All questions on this complaint form must be answered in order for your action to proceed..]

19  I.    Exhaustion of Administrative Remedies

20       [Note: You must exhaust your administrative remedies before your claim can go

21       forward. The court will dismiss any unexhausted claims.]

22       A.    Place of present confinement _C.S.P.- Solano P.O.Box 4000, Vacaville,_
                                            _California 95696-4000_
23       B.    Is there a grievance procedure in this institution?

24             YES (✓)    NO ( )

25       C.    Did you present the facts in your complaint for review through the grievance

26             procedure?

27             YES( )    NO (✓)

28       D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                    - 1 -

# INTRODUCTION

Plaintiff/Petitioner, Quoc Kuong Luu, is currently incarceration at the California State Prison (C.S.P.)-Solano, P.O. Box 4000, Vacaville, California 95696-4000, and confinement in the administrative segregation unit. Plaintiff of the above party are requesting the "Court Ordered Amended Complaint" for aforementioned case No.: C07-2704 JSW (PR), which were imposed on October 15, 2007, by the Court's docket no. 4. The Court also "order granting leave to proceed in forma pauperis" of plaintiff's application.

Plaintiff praying the honorable Jeffrey S. White, of the United States District Judge for relief to just amended "Argument[s] and Praying for Relief" from the original complaint. Plaintiff seeking everything in the original complaint should stay the same with permission from the Court's leave, Plaintiff also pleading the Court's leave for not amended his "Exhibit, Appendix, or Evidence" from it's original complaint, and any "exhibit, appendix, or evidence" in this amended complaint are preferring to the original.

Plaintiff hope the amended complaint will demonstrate Defendant's rules, regulations, or policies does not govern individual right(s) under the Sixth

(2)

Amendment principle. Under the Title 8, of the United Code Supplemental, et seq, does not guideline a treaty of immigration detainee[] the Sixth Amendment guarantee structure to "confront their accusser" of Defendant's "hold, warrant, detain, or indictment" allegation.

Whether Defendant(s) have obligation duty to allow any detainee[] with "hold, warrant, or detain" leverage to have "access to the court(s)" without land-mine of entrapment, because immigration's statutory forbidden detainee[] from enjoy privilege of Fourteenth Amendment right. Does the Fourteenth Amendment of "equal protection, fairness, or treatment" of statutory provision under supremacy laws that doctrine by Sixth Amendment structure against non-citizen()? Those were the point-of-facts that plaintiff wish to express in his original and amended complaint.

Plaintiff hope the amended complaint will demonstrative the reflection of court's ordered requirement standard, therefore, the amended complaint are the threshold for other immigration detainee[] judicial gateway direct the court(s). Any immigration detainee[] have the liberty to exercise their constitution right to challenge any "hold, warrant, detain, or indictment" lodged against them by Defendant's authorities — and duration of confinement under the saccession of this amended complaint.

## PROCEDURAL BACKGROUND

On May 16, 2007, Plaintiff submitted the "Civil Right Complaint pursuant to 42 U.S.C. §§ 1983 - 1985, et seq," to the United States District Court for the Northern District of California for allegation that the Immigration and Naturalization Services ("I.N.S."), United States Attorney General, et al., and Attorney General for the State of California, et al., for violated his Sixth and Fourteenth Amendments claim. Plaintiff also submitted an "In Forma Pauperis" application in few weeks apart from the complaint.

On May 22, 2007, the Northern District Court filed plaintiff's 42 U.S.C. §§ 1983 - 1985, et seq, complaint for aforementioned case No.: C 07-2704 JSW (PR). On October 15, 2007, the honorable Jeffrey S. White, of the United States District Judge imposed an "order of dismissal with leave to amend and instructions to the Clerk; and under docket no. 4 of the court's record. The honorable judge also render an "order granting leave to proceed in forma pauperis."

However, any documents or records relate to this amend complaint and it's past shall referred to original complaint at "Appeal Historical; will reflect any necessary confussion of this complaint's background.

## STATEMENT OF FACTS

On May 16, 2007, Plaintiff submitted the "Civil Right Complaint pursuant to 42 U.S.C. § 1983-1985, et seq," to the United States District Court for the Northern District of California for allegation that Defendants-1, 2, and 3 violated the fundamental of Sixth and Fourteenth Amendments right. But, Plaintiff fail to sufficient his claim that require under Federal Rule of Civil Procedure's scope of principle.

Prior to May 16, 2007, complaint that Plaintiff exhaust every remedies which could allow him an authorities of performance. (Cf., original complaint's part II, of "exhibit, appendix, or evidence; and also see, "Appeal Historical," e.g.) Defendants-2 and 3 refused acknowledge plaintiff's alleged allegation — and the claim disappear from judicial court(s) record. Between the "grey-line" have establish within the "exhibit, appendix, or evidence" of original complaint that plaintiff's claim were "sweep under the rug" without equal treatment of statutory laws. (Citing, U.S.C.A. Const. Amend. 14, et seq.) Judicial court(s) and defendants prolong event of judgment relief plaintiff's claim — and the procedure went [until] before United States Supreme Court reject the claim lack of jurisdiction venue. Plaintiff's claim were unnotice by judicial court(s) and defendants.

On October 15, 2007, the Court rendered a statement that held: "Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of 'natural laws' and makes biblical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief." (_Emphasis added._) The Court's statement were true on pretext when plaintiff self review the complaint. Plaintiff's original complaint "failed to set forth sufficient clear facts and claim for relief", which he hope to provide the Court's requirement.

Plaintiff's original complaint was focus upon previous memory of Defendants-1, 2, and 3's action(s) that prolong the matter since April 17, 2002, and he lose focus the idol principle of 42 U.S.C. § 1983 complaint statute. On original complaint that Plaintiff were focus on Defendant-1's rules, regulations and policies that allow detainer the Sixth Amendment right confront their "hold, warrant, or detain" duration serve State's [conviction] sentence. Plaintiff also submitted numerous "exhibits, appendix, and evidences" within original complaint to support the claim, which could reflect the Court to understand that other different avenue were try to relief similar complaint.

The outcome of those avenue were rejected or ignored for relief the claim.

It's not justify plaintiff's mistake in the original complaint, and hope this amend complaint <u>hold water</u> upon the last one. This amend complaint should shine enlightment upon the Court's relief ordered.

Plaintiff do admitted when submit the original complaint were without hope the court would respond with courtesy manner. Therefore, the threshold of this amend complaint should cover the court's requirement of ordered judgment.

(2.)

1    each level of review. If you did not pursue a certain level of appeal, explain why.

2        1. Informal appeal _____

3    _____

4    _____

5        2. First formal level_____

6    _____

7    _____

8        3. Second formal level_____

9    _____

10   _____

11       4. Third formal level _____

12   _____

13   _____

14       E.    Is the last level to which you appealed the highest level of appeal available to you?

15            YES ( )      NO (✓)

16       F.    If you did not present your claim for review through the grievance procedure, explain

17   why. The claim within this amend complaint are deal with

18   I.N.S.'s rules, regulations, or policies that does not concern

19   no other jurisdiction remedies but federal avenues.

20   II.    Parties

21       A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

22   Quoc Xuong Luu, Plaintiff, at the C.S.P.-Solano, P.O. Box

23   4000, Vacaville, California 95696-4000.

24   _____

25       B.    Write the full name of each defendant, his or her official position, and his or her place of

26            employment.

27   Immigration and Naturalization Services, (I.N.S.) et

28   al., Defendant, with unknown whom authorities to serve

COMPLAINT

( 8 )

1  amend complaint - and location of agency whom to

2  serve.

3

4  III.    Statement of Claim

5       State here as briefly as possible the facts of your case. Be sure to describe how each

6  defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any

7  cases or statutes. If you have more than one claim, each claim should be set forth in a separate

8  numbered paragraph.

9

10

11       See Attach, " Argument IS.]"

12

13

14

15

16

17

18

19

20

21

22  IV.    Relief

23       Your complaint cannot go forward unless you request specific relief. State briefly exactly what

24  you want the court to do for you. Make no legal arguments; cite no cases or statutes.

25

26       See Attach "Praying for Relief and Conclusion"

27

28

COMPLAINT

( 9. )

## ARGUMENT[S]

The Sixth Amendment right guarantee liberty to "confront their accuser" duration of any jurisdiction confinement, without bias[1] their historical origin.

Plaintiff born in Siagon City of South Vietnam during occupation of 1979, by the Vietcong communist party. Plaintiff and his family (-a mother and older brother-) flee the country from communist party, and came over to the United States country under refugee with sponsor status of late 1986. To modern day that lead plaintiff into incarceration under supervision of the California Department of Corrections. Plaintiff were convicted by enter a plead nolo contest of Cal. Pen. Codes §§§ 211, 212, 213, 245, and 12022(A) offenses. Then the Superior Court of Santa Clara County imposed sentence of 12 years in state prison, and with a released [original] date of March 23, 2008.

On February 01, 1999, Defendant put an

_____

[1] Citing, U.S.C.A. Const. Amend. 14, et seq.

"holds, warrants, or detainers" document against plaintiff
during his entered into state prison system, and for
unspecific violation according to Title 8, of the United
States Code Supplemental ("U.S.C.S"), statutory. (Also see,
Exhibit [A.], of original complaint at p. 6 and 7, cf.)
Defendant document claim that: "Immigration has been
initialized to determine whether this person is subject
to removal from the United States." Defendant also deem
plaintiff from any authorities to challenge the "hold,
warrant, or detainer" lodged against him — and without
any remedies to grievance his voice under constitution
(—from "natural or public laws"—) right(s).

On April 17, 2002, Plaintiff lodged an
alleged motion for "Interstate Agreement on Detainer Act
pursuant to Cal. Pen. Code § 1389" statutory against
Defendant's detainer document allegation. The motion's
authorities to brought plaintiff before judicial system
to stand trial of Defendant's hold, warrant, or detain
document. (Cf., U.S.C.A. Const. Amend. 6, et seq.) The
motion were originally filed within this court's
jurisdiction venue for aforementioned case number:
C 02-01980 JF (PR), which the United States District,
Jeremy Fogel, Judge entered "order transferring case"
to the Estern District Court of California. (See, original
complaint's Exhibits [B.] - [C.], et seq, e.g.) When
plaintiff sought to address the Eastern District
Court [did not] it's acknowledged to "order trasferring
(cf.)

case" imposed by honorable Jeremy Fogal, of the United States District Judge, which the Eastern District Court denied any <u>transferring</u> between Northern District Court for aforementioned case no.: C 02-01980 JF (PR). ((f, original complaint's Exhibits [B.] through [E.], e.g.)

Plaintiff's motion did not had a chanced to be heard by judicial court(s) or answer by Defendant's statutory laws. From plaintiff's exhibits, appendix, or evidences from original complaint has reflected that the motion disappear from either Northern or Eastern District Court(s) records. But, either judicial court(s) or Defendant have answer plaintiff's motion provide mens rea of constitution violation and undermined liberty of this country's integrity principle ideology.

Plaintiff claim that Defendant deprive his Sixth (either "natural or public laws") Amendment right to "<u>confront</u> the hold, warrant, detain, or indictment" lodge against him. Accordingly to the Sixth Amendment's achievement has established:

> [Section 1.]"..., by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and have the assistance of counsel for his defense." (<u>Emphasis added</u>)

which govern "criminal prosecution(s)" arena. The Sixth
Amendment language interpretation does not frame ideology
for "civil procedure" and non-citizen of this country. (Citing,
U.S.C.A. Const. Amend. 6, "Proposed September 25, 1789,
ratified December 15, 1791.")

Defendant's hold, warrant, detain, or indictment
document were under "civil litigate" remedies, and
upheld civil prosecution upon any immigration [alien]
detainee[]. Defendant's accustomed of prosecution any
detainee[] of violate 8 U.S.C.S.'s statutory laws after
State's confinement were completed. This practice have
been known through decades, and there prima facie
case(s) outline such practice. When the time for
Defendant's prosecution which before the United States
District Court's jurisdiction, and allow detainee[] a
liberty to protect Sixth Amendment principle. By the
Sixth Amendment right have guarantee a detainee[] to
have counsel represent it's interest from Defendant's
prosecution procedure.

The instant case, Plaintiff have try to
validity the Sixth Amendment's language that allow
him to "confront his accuser" duration if his
confinement by State's jurisdiction. Does plaintiff
have such right deem Defendant to bring him before
judicial court(s)? Whether the Sixth Amendment
right leverage plaintiff confront Defendant's accused?

Query the Defendant's rules, regulations, or policies under 8 U.S.C.S.'s statutory that accustomed for prosecution any detainee[]. What different does it made when plaintiff wish to confront Defendant, or wait it later after his state confinement were completed? Does the Sixth Amendment's language barricade jurisdiction venue or authorities from challenged accused hold, warrant, detain, or indictment?

Defendant claim within the hold, warrant, or detain document that: "Immigration has been initialized to determined whether this person [plaintiff] is subject to removal from [any] the United States." (Emphasis added; also see, original complaint's Exhibit [A.], e.g.; Those investigation were initialized by Defendant on February 01, 1999. When Plaintiff lodged the Cal. Pen. Code § 1389 motion challenged Defendant to answer the violation that plaintiff had violated pursuant to 8 U.S.C.S.'s statute. Plaintiff's motion were lodged on April 17, 2002, and three (3) years is enough time for investigation been complete by Defendant's accusation. Plaintiff's original complaint of exhibits reflected that Defendant fail to answer his motion were subjected mens rea of the Sixth Amendment.

Plaintiff's motion clearly demand Defendant to brought him to trial within 180 days from the motion were lodged. (Citing, Cal. Pen. Code § 1389, art. III (a); see, U.S.C.A. Const. Amend. 6, et seq.) If detainer (plaintiff)

brought the complaint before prosecutor (Defendant), and fail to bring detainer the appropriate court within 180 days thereon order dismissing [the same] with prejudice. (_Quote_, Cal. Pen. Code § 1389, art. V (c), e.g.)

Digest the interpretation language of Cal. Pen. Code § 1389 statutory have carry same weight as Sixth Amendment principle. The statute of any and all [detainers] based on untried indictments, informations, or complaints. (_See_, Cal. Pen. Code § 1389, art. IX; _emphasis added._) The statute also demand 180 days to brought before judicial court(s) for trial of untried hold, warrant, or detain application. (_Citing_, Cal. Pen. Code § 1389, art. III and V, et seq.) Therefore, the Cal. Pen. Code § 1389 statute does weight similar language that interpretation from the Sixth Amendment's structure. The Cal. Pen. Code § 1389 statutory "to be informed of the nature and cause of the accusational to be confronted". (_Quote_, U.S. C.A. Const. Amend. 6, et seq.)

Accordingly, the Cal. Pen. Code § 1389 statutory allow leverage for plaintiff challenged Defendant's hold, warrant, or detain that doctrine by the Sixth Amendment right. Plaintiff proof that Defendant failed to answer his "confront the accuser" with untried hold, warrant, or detain lodged against him. (_Cf._, original complaint's Exhibit [A.], e.g.) That also provide reasonable (or probable) cause which Defendant deliberately or ignore plaintiff's

Cal. Pen. Code § 1389's motion could foresee the Sixth Amendment violation.

Furthermore, whether plaintiff should upheld Defendant's accustomed prosecution? Under the Sixth Amendment right guarantee plaintiff a privilege to "confront his accuser," which Defendant accused plaintiff violated 8 U.S.C.S.'s statutory without specific the violation code or section. (Cf. original complaint's Exhibit [A], at p. 6 and 7.) Plaintiff does not have to wait for his State's conviction complete before facing Defendant's prosecution arena. Thus, the Sixth Amendment does not barricade plaintiff the right from challenged Defendant's untried hold, warrant, or detain duration of his State confinement.

Unless the United States Constitution(s) right does not govern non-citizen(s) the privilege that guarantee all citizen of this country. On the contrary that nature laws does imprint constitution right(s) without public laws provision of deprived or violated. The core pictures of this—is whether non-citizen(s) have constitution liberty interest, which is a formal natural laws that root into public laws and the non-citizen(s) does have constitution interest.

The factual of Plaintiff's original complaint's exhibit, appendix, or evidence have demonstrate proof

that Defendant refuse, ignore, or reject his allegation to challenged Defendant's untried hold, warrant, and detain information have showing Sixth Amendment violation. Under the 8 U.S.C.S.'s statutory does not give judicial authorities to Defendant the "_arena of prosecution_." But, the _arena of prosecution_ should lie upon the Sixth Amendment's language interpretation, and defined that: "_confront his/her's accusation_" is leverage for Defendant relief jurisdiction of prosecution.

De novo those point(s) that Plaintiff provide above cause to determine whether the Sixth Amendment were violated or deprived by Defendant's action. Prospective in 8 U.S.C.S.'s statutory language could not barricade plaintiff from challenge his immigration's hold, warrant, or detain during his state confinement, and the formula were secure by the Sixth Amendment principle. It also not take jurisprudence minds to investigate an offense(s) that took a decade to solve - which is not murder statute prosecution we were speaking.

Plaintiff provide reasonable (or probable) causes that Defendant violated his Sixth Amendment right for not allow him "confront his accusation" of hold, warrant, or detain by Defendant's agency, Plaintiff demonstrate de novo between Cal. Pen. Code § 1389's statute were similar with Sixth Amendment's language interpretation. But, the core question that this Court have to solve is: "whether

(  )

non-citizen(s) enjoyment of this country's constitution right(s) that interest individual liberty." The solution to the question are lie upon _natural laws_.

The Sixth Amendment's structure from plaintiff suffer Defendant's _accustomed prosecution_, and enjoy fairness [authorities] facing Defendant's hold, warrant, detain, or indictment without violated the integrity of U.S.C.A. Const. Amend. 6, et seq, statutory guidelines. Not either 8 U.S.C.S.'s statutory and _Illegal_ Immigration Reform and Immigration Responsibility Act ("IIRIA"), of 1996 by Congress of this country could not barricade detainee[] from Sixth Amendment right. Whom statutory authorities does Defendant relied to deem plaintiff to utilize his Sixth Amendment right of "confront his asscusation?"

Plaintiff relief this "argument" by showing beyond reasonable doubt that Defendant violate the Sixth Amendment's structure, which guarantee individual liberty to "confront his/her's accusation" before judicial panel. Plaintiff have had tried numerous times to _confront_ Defendant's _accusation_ hold, warrant, detain, or indictment without validity judgment from true statutory of judicial's relief, and plaintiff's original complaint's exhibit, appendix, or evidence does not show shadow doubt of Defendant's from violated fundamental Sixth Amendment principle.

# PRAYING FOR RELIEF

Plaintiff remove the above mention court for praying for relief of this "Court Ordered Amended Complaint" of 42 U.S.C. § 1983 statute. Plaintiff have showing reasonable (or probable) causes that Defendant deprived and violated his Sixth Amendment right by denied "confront his accusation." Plaintiff's praying for relief from this Court's following:

(1.) Every detainee [] or inmate [] have the Sixth Amendment right to confront Defendant's accusation duration of their any jurisdiction confinement;

(2.) <u>Injunction</u> Defendant's rules, regulations, or policies allow detainee [] or inmate [] currently incarceration the enjoyment of Sixth Amendment's structure to confront Defendant's accusation;

(3.) <u>Injunction</u> Defendant to establish statutory guideline of remedies to allow detainee [] or inmate [] the Sixth Amendment's liberty to confront their accusation;

(4.) <u>Injunction</u> Defendant to establish grievance remedies to allow detainee [] or inmate [] enjoyment of Sixth Amendment's structure of Defendant's accusation;

(5.) <u>Injunction</u> Defendant to specific any statutory of codes or laws where detainee [] or inmate [] were violated within Defendant's hold, warrant, or detain document which was issued by Defendant's

agency;

(6.) <u>Injunction</u> Defendant to establish time-line to answer any grievances from detainee [ ] or inmate [ ] which were lodged — and fail to uphold such time-frame consider dismissal the hold, warrant, detain, or indictment without prejudice;

(7.) Defendant's rules, regulations, or policies should allow detainee [ ] or inmate [ ] judicial gateway to the court (s) system of Defendant's untried hold, warrant, detain, or indictment document;

(8.) <u>Dismiss</u> Plaintiff's hold, warrant, detain, or indictment were issued by Defendant on February 01, 1999; because under Sixth Amendment violation;

(9.) Bring Plaintiff before proper judicial's jurisdiction venue and trial Defendant's untried hold, warrant, detain, or indictment document pursuant to Cal. Pen. Code § 1389 statutory guideline; and

(10.) This Court's ruling, ordering, or judgment should rectroactive upon every detainee [ ] or inmate [ ] are similar situation or status as plaintiff.


Plaintiff's praying for relief does not seek for <u>monetary damage</u> from Defendant's action of wrong doing, but statutory landmark allow any detainee [ ] or inmate [ ] the Sixth Amendment right to "confront his/her's accusation." Plaintiff and other detainee [ ] or inmate [ ] want to utilize the Sixth Amendment's language as proposed on September 25, 1789, by the <u>Founding</u>

_Father_ of this "freedom nation."

   Plaintiff just sound his voice that every detainee[ ] or inmate[ ] wish to show their constitution statutory whether under natural or public laws. Plaintiff just demonstrate the Sixth Amendment's structure were been violated by Defendant's action of authorities above _supremacy laws_. By Defendant's action forbidden or denied plaintiff from confront his accused hold, warrant, detain, or indictment should provide relief of the Sixth Amendment violation.

/ / / / / / /
/ / / / / / /
/ / / / / /
/ / / / /
/ / / /
/ / /
/ /
/

## CONCLUSION

Plaintiff have demonstrate and show reasonable (or probable) causes of above facts and original complaint's exhibit, appendix, or evidence the burden the Court to grant his 42 U.S.C. § 1983 complaint. This "Court Ordered Amended Complaint" have relief the demand, and provide cause that Defendant violated plaintiff's Sixth Amendment right. For above reason(s) that the Court should grant this "Court Ordered Amended Complaint" with proper judgment upon Defendant.

Dated: November 12, 2007

/s/

Respectfully Submitted

Name: Quoc Xuong Luu
CDC #: (P-22522)
Bld. #: (10-245L)
California State Prison (C.S.P.)- Solano
P.O. Box 4000
Vacaville, California 95696-4000

/ / / / /
/ / / /
/ /
/

( 22 )

1

2

3

4    I declare under penalty of perjury that the foregoing is true and correct.

5

6    Signed this _12th_ day of _November_ , 20 _07_

7

8    _____

9    (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

( 23. )

## DECLARATION AND PROOF OF SERVICE BY MAIL

I, _Quoc Xuong Luu_, declare under the penalty of perjury that I am over the age of 18 years, (  ) and not a party, or (X) am a party to this action, and reside in Solano County, at P.O. Box 4000, (Cell # _10-245L_ ) Vacaville, California, 95696-4000.

That on _November_, _12_, 20007, I deposited in the United States Mail at California State Prison – Solano, Vacaville, California a copy of the attached hereof: " _Court Ordered Amended Complaint_ "

in a sealed envelope with postage fully prepaid, and addressed to:

United States District Court
Northern District of California
    Office of the Clerk
    450 Golden Gate Avenue
San Francisco, California 94102

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this _November, 12_, 20007, at CSP-Solano, Vacaville, California, 95696-4000.

_____
DECLARANT

# EXHIBIT

# [C.]

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000



NAME : HANH M. NGUYEN
477 South 3rd. Street, Apt.#: A
San Jose, California 95112


IN PROPERIA PERSONA


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT COURT OF CALIFORNIA

IMMIGRATION COURT


| | |
|---|---|
| IMMIGRATION AND NATURALIZATION SERVICES, (I.N.S.), et al., Plaintiff/Respondent, | Case No.: SFRO708001141 |
| | File No.: A#-027-838-994 |
| vs. | |
| | Court Dated: March 05, 2008 at 8:30 a.m. Dept.#: 17 |
| HANH M. NGUYEN, Defendant/Appellant, | |
| In re: Quoc Xuong Luu, Plaintiff/Petitioner, | Case No.: C-07-2704-JSW (PR) |
| vs. | File No.: A#-027-838-996 |
| IMMIGRATION AND NATURALIZATION SERVICES, (I.N.S.), et al., Defendant(s)/Respondent(s), | Warrant No.: 581212FB6 |
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, DEPARTMENT OF HOMELAND SECURITY, Real Party in Interest. | MOTION FOR CONSOLIDATE THE CASES UNDER SIMILARLY STATUS & LITIGATION OF PROSECUTION. |

(1.)

I N T R O D U C T I O N

Ms. Hanh M. Nguyen (Defendant), of aforementioned case no.: SFR0708001141 had been alleged by Respondent of violated <u>immigration</u> statutory provision, and to be determined for <u>removal</u> pursuant to Immigration and Nationality Act ("INA"), § 212(a)(2) (A)(i)(I).  Respondent claimed that Defendant had violated 28 U.S.C.S. §§ 1101 and 1227-1228, et seq, statutes on September 19, 2007, while re-entry into the United States of America on a vacation to Vietnam country. Defendant were been detained by Respondent without Fifth Amendment (<u>citing</u>, **Miranda v. Arizona,** 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1062 (1966)]}, and been interrogated for seven hours without <u>any</u> attorney or counsel protection. (<u>Quote</u>, U.S.C.A. Const. Amend. 6, et seq, "right to have counsel presented;" <u>also see</u>, **Edwards v. Arizona,** 451 U.S. 477 [68 L.Ed.2d 378, 101 S.Ct. 1880 (1981)], ("..require counsel to be presented during any <u>interrogation or questions</u> <u>by  lawenforcement and any formal government agency</u>..").)

Mr. Quoc Xuong Luu (Plaintiff), of aforementioned case no.: C-07-2704-JSW PR, is Ms. Hanh M. Nguyen's son whom case status are similarly with her.  Plaintiff entered into the United States America with his mother (Ms. Hanh M. Nguyen) on November 11, 1986.  However, Plaintiff currently under the custody of the California Department of Corrections system and been served his criminal conviction had imposed by the Santa Clara County Superior Court.  Plaintiff's criminal sentenced

are almost completed, and face the I.N.S.'s accused allegation crime violated Title 8, of the United States Code Supplement, et seq, statutory provision under immigration laws.    Then Plaintiff alleged that the I.N.S.'s agency violated his Sixth Amendment right to "confront his accuser" before judicial panel system.

Plaintiff (Mr. Quoc Xuong Luu) and Defendant (Ms. Hanh M. Nguyen) are mother and son relationship whom entered into this country (United States of America) legally on November 11, 1986, under refugee status of entry.   If, the I.N.S. agency tribunal Ms. Nguyen before immigration court then Mr. Luu have that right to confront his accuser beside his mother --- because the tribunal could scale unconstitutional or kangaroo practice. Both persons have similarly status from I.N.S.'s allegation of indictment offenses and tribunal both cases could constitution contradiction each other uniform court or judges.

Defendant does not understand or speak English below 6th grade average standard person(s), and cannot secure fundamental constitutional principles guarantee each person(s) the liberty to exercise.   Defendant's defense and statements are similarly with Plaintiff tribunal.   Plaintiff could explain and advise Defendant adjudicated procedure and tribunal in native language.

Therefore, Defendant and Plaintiff remove above

(3.)

entitle court for motion for consolidate the cases under similarly status & litigation of prosecution both cases. Both have been charges for illegally entry into the United States of America and facing for deportation removal pursuant to 8 U.S.C.S. § 1101 and § 1227-1228, et seq, violations. Its the judicial interest to consolidate the cases to protect the interest of constitutional liberty of natural laws, because tribunal the cases separately could contradict the prosecution strategy.

## S T A T E M E N T   O F   F A C T [S]

Mr. Luu were born in Siagon City of South Vietnam country during the occupation of 1979 by the Vietcong ("VC") communist party. Mr. Luu and his family members (--his mother and brother--) fleet the country by migrate through lands of Cambodia to Philippines refugee camp. Mr. Luu and Ms. Nguyen left the communist party about 1985 and arrived to Philippines of early 1986, then permitted into the United States of America on November 11, 1986, at the San Francisco port of entry.

During the course of our traveling to the United States of America that the family members endurance physical and mental hardship from the Cambodia's militant. Mr. Luu and his family witness execution and rape[] of migrate refugee people[s]. Such memory have psychology implant Mr. Luu and his family lives.

(4.)

His family arrived into the United States of
America on November 11, 1986, at the San Francisco airport.
Ms. Nguyen and Mr. Luu relative family members financially
support to document(s) under "Lawful Permanent Resident" of
refugee status from 8 U.S.C.S. § 1101(a)((42)(A)-(B) and § 1157,
et seq, statutory provision.

## [A.] Mr. Hanh M. Nguyen (mother) historical fact[s]:*/

Ms. Hanh M. Nguyen arise and educated in democracy
of Vietnam country before communist party (VC) took control
the country from the fall of "Siagon" of 1975. Ms. Nguyen then
married to Mr. Luu's father and has two boys in 1979. The family
believe and function under democracy principle before VC took
control of the country. Then Ms. Nguyen's husband tried to
reach United States by migrate through maritime route with other
thousand peoples aboard the ships. The ship were sink on the
open sea that routed to United States of America, which Mr.
Luu were four (4) years old.

The communist party took all assess and land
that were own by Ms. Hanh and her husband. The communist also
executed some of the family [relative] members because their
believe and bind to communist regime. Ms. Nguyen took her two

---

*/ Please notice that this fact[s] of Ms. Nguyen's historical
background are base upon Mr. Luu's memory and the events he
had witnesses from his childhood and story from her life itself.

(5.)

boys and flee the country from communist regime, and her family lives well-being that could be executed by the VC's party.

Ms. Nguyen arrived into the United States of America on November 11, 1986, under refugee status and were permitted refuge of the country. On May 12, 1992, Ms. Nguyen were convicted for "petty theft" pursuant to **Cal.Penal Code § 484/488**, et seq, violation. She had completed her sentenced of judgment were imposed, and since then she did not committed or violated any state[] or federal statutory crimes or criminal act. That is the only crime she had committed during her resident in the United States of America country.

During her twenty-one (21) years of resident in the United States of America that she give birth to Vicky Diem Nguyen and Tommy Nguyen. Both child are from the range of 12 to 16 years old and the United States citizenship. Ms. Nguyen cannot work due to her disability and hardship of taking care the child.

On September 19, 2007, the I.N.S. agency detained Ms. Nguyen at San Francisco airport after she re-entry into the United States of America from her visit Vietnam. The I.N.S. agency alleged Ms. Nguyen [May 12,] 1992 conviction that violate 8 U.S.C.S. § 1101(a)(43)(G), statutory and seeking for removal procedure under 8 U.S.C.S. §§ 1227-1228, et seq, status. The I.N.S. agency also took her lawful permanent resident dcoument(s)

(6.)

and deem her before tribunal of immigration court.

During the course of her detain by the I.N.S. agency for seven (7) hours of interrogation without Fifth and Sixth Amendments constitution protection, that affect her mentally impair. She could not speak or write in English language which solely could she comprehend the badger unconstitutional interrogation practice by the I.N.S. agency. She did not committed any national or international statutory laws that been treat and badger like a terrorise suspect[].

Ms. Nguyen received document[] from the I.N.S agency that deem her to be appeared before immigration [tribunal] judge on March 05, 2008, at approximately 8:30 a.m., and at Immigration Court, 120 Montgomery Street, 9th Floor, Courtroom #17, San Francisco, California 94104. On such date of proceeding that the I.N.S. agency seeking for "removal" Ms. Nguyen back to her native country. (Also see, EXHIBIT A., e.g., cf.)

[B.] Mr. Quoc Xuong Luu (son) historical fact[s]:

Mr. Quoc Xuong Luu were birth by Ms. Hanh M. Nguyen in Vietnam of 1979 communist party. Mr. Luu and his mother with an older brother (Mr. Xuong Luu) flee from Vietcong communist party regime and came to the United States of America in November 11, 1986. Mr. Luu raise and educated in the United States of America for over 21 years of resident.

(7.)

During his resident in the United States of America that he committed numerous aggravated felony pursuant to 8 U.S.C.S. § 1101, et seq, statutory violation. Some of the convictions were under juvenile convictions. Mr. Luu's first time convicted and confinement in state prison.

On 1998 Mr. Luu were indicted information from the Superior Court of California, and for Santa Clara County for violated Cal.Penal Code §§§ 211, 212.5, 213, 245, and 12022 statutory provision. Mr. Luu were sentenced to California State Prison (Department of Correction) for 12 years of confinement under a nolo contest plea agreement. Mr. Luu arrived to Department of Correction on December of 1998 and been classified as award of the State.

During his arrival to Department of Correction that the I.N.S. agency put an "hold/indictment" upon him for violated immigration statutory under Title 8, of the United States Code Supplemental provision. Mr. Luu should been release from Department of Correction custody on March 27, 2008, however, there were some unfinish litigation or hold by the Solano County Superior Court's indictment. Mr. Luu currently attend his court procedure, and confront his accuser of such indictment or hold lodged against him. His original release of March 27, 2008, are change to September of 2008 due to administrative tribunal infraction.

(8.)

On May 16, 2007, Mr. Luu submitted an civil right complaint pursuant to 42 U.S.C. § 1983-1985, et seq, petition to the United States District Court for the Northern District of California for alleged that the I.N.S. agency violated his fundamental principle of Sixth Amendment right. (Also see, EXHIBIT [C.], e.g.) On October 15, 2007, the district court rendered a order that: "Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of 'natural laws' and makes bibical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief." (Emphasis added; also see, EXHIBIT [C.], e.g.)

On November 12, 2007, Mr. Luu filed an "amend complaint" to the Court. Mr. Luu still wait for the Court to imposed an order or rule upon his amend complaint, and for aforementioned docket no.: C-07-2704-JSW (PR). The case are still pending before judicial court of united states district court.

## S T A T U T O R Y   R E L I E F

Ms. Hanh M. Nguyen (mother) and Mr. Quoc X. Luu (son) were had came into the United States of America the same

(9.)

time of entry.  The cases resemblance are identical from status
of prosecution or statutory violation.  The statement of facts,
supra, have showing reflection or relationship of both cases.

Its upon this court determination to analysis
both cases similarry statutory violation or prosecution that
could relief judicial tribunal different venue of confusion.
It also secure jurisdiction relief and indifference tribunal
that could contradict the Court[s] one-another decision, order,
or judgment from the case[s].

Judiciary consider consolidate both cases for
the following reason[s]:

(1)

(1) Economy affection for separate court proceedi
proceeding and amount legal document or salary for prosecution;

(2) Similarity statutory violation;

(3) Judicial confusion, contradict ruling, and
application of statutory provision; and

(4) Jurisdiction venue of judicial tribunal.

Those reason[s] have paint a picture for relief for judicial
court consider consolidate the cases are reasonable.


P R A Y I N G   F O R   R E L I E F

Ms. Nguyen and Mr. Luu praying judicial court for relief granting the motion for consolidate the cases under similarly status & litigation of prosecution. For above reasons of cause that granting the motion could benefit judicial court unnecessary confusion of document[s] and prosecution venue.

## C O N C L U S I O N

The motion for consolidate the cases under similarly status & litigation of prosecution have relief for judicial court granting judgment. For above reason of cause that establish relief for granting the motion.

DATED: February 06, 2008

/s/
Respectfully Submitted

NAME : QUOC XUONG LUU (In Properia Persona)
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

/////
////
///
//
/

(11.)

(C.C.P. §§446; 2015.5;
28 U.S.C. §1746)

I, _____Quoc Xuong Luu_____, declare under the penalty of perjury that:

am the _Plaintiff_____ in the attached matter; I have read the foregoing document(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this _06_ day of _February_, _2008_, at California State Prison / Solano, Vacaville, California.

(Signature) _____ (In Pro. Per.)

Declarant _Quoc Xuong Luu_

*****************************************************************

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, _Quoc Xuong Luu_____, declare:    That I am a resident of California State Prison / Solano    State of California; I am over the age of 18 years; I am/am not a party to the above entitled action; My address is P.O. Box 4000 _1-250u_ Vacaville, CA 95696.    I served the attached document(s) entitled:  "MOTION FOR CONSOLIDATE THE CASES UNDER SIMILARLY STATUS & LITIGATION OF PROSECUTION."

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison / Solano, in Vacaville, California, addressed as follows:

```
Immigration Court                      Hanh M. Nguyen
120 Montgomery Street, Suite 800       477 South 3rd Street, Apt.#A
San Francisco, California 94104        San Jose, California 95112

United States District Court           Attorney General Office
Northern District of California        450 Golden Gate Avenue
Office of the Clerk                     San Francisco, California 94102
450 Golden Gate Avenue
San Francisco, California 94102
```

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _06_ day of _February_, _2008_ at California State Prison / Solano, in Vacaville, California.

(Signature) _____ (In Pro. Per.)

Declarant

# EXHIBIT
# [D]

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102



March 11, 2008

**In re:** Luu v. Immigration & Naturalization Service (I.N.S.), et al.,
United States of America, Real Party in Interest.

Case No.: C-07-2704-JSW (PR)

NAME : Quoc Xuong Luu
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

**To the Clerk whom assign above entitle case,**

On October 15, 2007, Honorable Jeffrey S. White, of
the United States District Judge imposed an ordered of dismissal
with leave to amend and instructions to the clerk and granting leave
to proceed in forma pauperis. (Referred to the court's record docket
no. 4.) On November 12, 2007, Plaintiff of above entitle case filed
an "court ordered amended complaint" of docket no. 4's ordered.
Then on February 06, 2008, Plaintiff submitted an "motion for
consolidate the cases under similarly status & litigation of prosecution"
to the court.

Plaintiff just wonder where above entitle case remedies
within this court's jurisdiction of prosecution. Its been along
time since Plaintiff heard any responses from the court's ruling
or ordering regarding to his amended complaint or motion which were
filed.

Plaintiff take this time appreciate any assistant that
the court could provide regarding to the matter of interest.

Sincerely,

Quoc Xuong Luu

# EXHIBIT E

U.S. Department of Justice
Immigration and Naturalization Service

**Immigration Detainer - Notice of Actio**

| | | File No. | A 27 838 996 |
|---|---|---|---|

Date: 2/1/99

Date Of Interview   1/5/99          Inmate Number   P22522          CII#   A11826463

To:
CUSTODIAN OF RECORDS, HOLDS/WARRANTS/DETAINER
COUNTY JAIL/CALIFORNIA DEPARTMENT OF
CORRECTION AND OR ANY SUBSEQUENT
LAW ENFORCEMENT AGENCY

From:
U.S. Immigration and Naturalization Service
630 Sansome Street
San Francisco. CA 94111

INS Name:    LÜU, Quoc Xuong          stitution Name: LUU, Quoc Xuong

Date of birth:          1/1/79          Nationality          Vietnam          Sex:          MALE

**HOLD**

You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning
the above-named inmate of your institution:

☒ Investigation has been initialized to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____
(Date)

☐ Deportation or removal from the United States has been ordered.

## It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the
offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays
and Federal holidays) to provide adequate time for INS to assume custody of the alien.   You may notify INS by calling (415) 705-4532
during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.   A self-addressed stamped envelope is
enclosed for your convenience.   Please return a signed copy via facsimile to _____
(Area code and facsimile number)

Return fax to the attention of _____, at _____
(Name of INS officer handling case)          (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
☒ Notify this office in the event of the inmate's death or transfer to another institution.
☐ Please cancel the detainer previously placed by this Service on _____

_____
(Signature of INS official)

Mario Canton, Immigration Agent
(Title of INS official)

Receipt acknowledged:

Date of latest conviction: _____ Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev. 4-1-97)N

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**INMATE NOTIFICATION AND AGENCY ACKNOWLEDGEMENT OF**
**DETAINER RECEIPT**
CDC 661 (5/90)

DISTRIBUTION:
ORIGINAL - CENTRAL FILE
COPY - INMATE
COPY - AGENCY
COPY - PENDING

**INMATE NOTIFICATION OF DETAINER RECEIPT**

| INMATE'S NAME | AKA | CDC NUMBER | TODAY'S DATE |
|---|---|---|---|
| LUU, QUOC XUONG | | P22522 | 02-02-99 |

INSTITUTION NAME AND ADDRESS

SAN QUENTIN RECEPTION CENTER

On __02-01-99__ a detainer was filed against you. This detainer indicates that you are

wanted by   USINS

on a charge of __IMM./VIOL.__        based on Warrant Number __A27838996__

YOU ARE HEREBY NOTIFIED (refer only to item(s) marked):

☐ You may request disposition of untried charges in accordance with Section 1381 P.C.

☐ You may request disposition of probation in accordance with Section 1203.2a P.C. (for California Counties only.)

☐ You may request disposition of untried charges in accordance with Section 1389 P.C. (See Agreement on Detainer Form I , CDC 1664 attached.)

☐ You may request to be returned to this jurisdiction for concurrent service of terms In re Stoliker.

If you are wanted by those authorities to complete service of an unexpired commitment in that jurisdiction and if your present California commitment has been ordered to run concurrently with that previous commitment, you may be eligible for transfer to that jurisdiction under In re Stoliker, 49 Cal. 2d 75.

If you believe that you meet the above criteria, you may make a request to the Director, in writing and through the institution records office, asking that you be made available to those authorities so that your terms may run concurrent. If the Director grants your request, a letter will be sent to those authorities notifying them of your present status and of the fact that you are available to them.

Those authorities may then either: (1) request that you be transferred to them in which case you will be transferred, your sentence will run concurrently, and a detainer will be placed against you by California for your return should you complete their sentence first; (2) designate this institution as the place for service of your commitment to them in which case you will get the benefit of concurrent terms; or (3) deny your request in which case your only recourse will be in the courts of that jurisdiction.

☒ None of the above are applicable in this case.

If the subject inmate wishes to exercise any of the above marked alternatives, he/she should direct a written request to his/her institution records office.

| RECEIPT ACKNOWLEDGED (INMATE'S SIGNATURE) | CDC NUMBER | DATE | AUTHORIZED STAFF'S SIGNATURE |
|---|---|---|---|
| | P-22522 | 2-2-99 | |

**ACKNOWLEDGEMENT TO AGENCY**

TO (AGENCY'S NAME AND ADDRESS):   USINS
                630 SANSOME STREET RM. 115 A
                SAN FRANCISCO, CA. 94111

This is to acknowledge receipt of your detainer on the above identified subject. Notations have been entered into our records that the subject is Wanted by your agency. Should this detainer not be recalled, we will notify your office in advance of the subject's scheduled release date of:

Please note: the scheduled release date is subject to change.
Questions regarding this notification and acknowledgement may be directed to:

| INSTITUTION NAME | SAN QUENTIN RECEPTION CENTER |
|---|---|
| ADDRESS | SAN QUENTIN, CA. 94964 |
| CONTACT PERSON | HWD DESK |
| TELEPHONE NUMBER | (415) 454-1460 EXT. 5402 |

DECLARATION AND PROOF OF SERVICE BY MAIL

I, _Quoc Xuong Luu_ declare under the penalty of perjury that I am over the age of 18 years, ( ) and not a party, or ( X ) am a party to this action, and reside in Solano County, at P.O. Box 4000, (Cell # _12504_ ) Vacaville, California, 95696-4000.

That on _April_ _10_, 200_8_, I deposited in the United States Mail at California State Prison - Solano, Vacaville, California a copy of the attached hereof:

in a sealed envelope with postage fully prepaid, and addressed to:

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102

Attorney General Office
450 Golden Gate Avenue
San Francisco, California 94102

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this _April_ _10_, 200_8_, at CSP-Solano, Vacaville, California, 95696-4000.

DECLARANT