IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUOC XUONG LUU, | ) | No. C 07-2704 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL**; **DENYING PENDING MOTIONS** |
| vs. | ) ) | |
| I.N.S., et al, | ) ) | **(Docket Nos. 8, 10)** |
| Defendant. | ) ) | |

Plaintiff, a prisoner of the State of California incarcerated at California State Prison-Solano in Vacaville, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. After reviewing the complaint, the Court found that it appeared to be complaining about an immigration detainer hold placed on him by the Immigration and Customs Enforcement ("ICE"). Because the complaint was "largely incomprehensible," however, it was dismissed with leave to amend to allege how his constitutional rights were violated, and the conduct of each Defendant that he asserts is responsible for a constitutional violation. Plaintiff has filed an amended complaint in which he challenges the constitutionality of an order by the ICE to detain Plaintiff following his release from state prison, pending deportation proceedings.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 126 S. Ct. 2096, 2101 (2006) (quoting

*Muhammad v. Close*, 540 U.S. 749, 750 (2004)). The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *see also Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (a claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition).

As Plaintiff challenges the fact and duration of his custody pursuant to a detainer by the I.C.E., it must be brought in a habeas action pursuant to 28 U.S.C. § 2241, not in a civil rights complaint under 42 U.S.C. § 1983. Accordingly, the instant matter is hereby DISMISSED without prejudice to refiling as a habeas petition.[1]

In light of the dismissal of this action, Plaintiff's motion for summary judgment is DENIED. The motion to consolidate this case with another case not filed in this court is also DENIED.

The Clerk shall close the file and enter judgment in favor of Defendants. This order terminates Docket Nos. 8 & 10.

IT IS SO ORDERED.

DATED: June 9, 2008

JEFFREY S. WHITE
United States District Judge

---

[1] The Court notes that it appears from Plaintiff's recent filings that he may be currently be pursuing his claims before a judge of the Immigration and Naturalization Services.

2

|     |     |
| --- | --- |
| 1   | UNITED STATES DISTRICT COURT |
| 2   | FOR THE |
| 3   | NORTHERN DISTRICT OF CALIFORNIA |

QUOC XUONG LUU,

        Plaintiff,

  v.

INS et al,

        Defendant.
_____/

Case Number: CV07-02704 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Quoc Xuong Luu
P-22522
California State Prison-Solano
PO Box 4000
Vacaville, CA 95696-4000

Dated: June 9, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk